In re Sid BUTLER, Debtor.

Sid BUTLER, Appellant,

v.

BELLWEST MANAGEMENT
CORP., Appellee.

No. 81 Civ. 2611–CLB.

United States District Court,
S. D. New York.

June 4, 1981.

Raymond J. Aab, New York City, for petitioner.

Whitehorn & Delman, P. C. by Joseph Delman, New York City, for respondent.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

On March 2, 1981, Sid Butler ("the Debtor") filed his voluntary Chapter 13 petition, together with a proposed plan dated February 20, 1981. Thereafter, on April 15, 1981, the Debtor obtained an order to show cause, signed by Bankruptcy Judge Roy Babitt of this district. The order required Bellwest Management Corp. ("Bellwest"), the lessor of the Debtor's personal residence, to show cause why it should not be enjoined from taking any further steps to evict the Debtor from his premises, pending further order of the Bankruptcy Court. On the return date, injunctive relief was denied by Judge Babitt, who apparently assumed there was no automatic stay then in effect. Debtor now appeals to this Court from the denial of that relief.

The application in support of the order to show cause alleges that the Debtor's petition scheduled approximately $7,600 in unsecured debts, of which $2,400 constituted rent arrears. The Debtor, a wage-earner employed by the Veterans Administration, earns approximately $13,000 in gross salary. His wife resides with him. The application also states that Bellwest had caused the issuance on April 2, 1981 of a state court warrant of eviction of the Debtor from his residence, and had caused the service upon the Debtor on April 13, 1981 by a City Marshal of a 72 hour notice of eviction. This issuance and execution of the warrant of eviction occurred after the filing of the Debtor's petition on March 2,

1981, and after the Debtor mailed actual notice of the filing of the petition to Bellwest on March 2, 1981.

Bellwest's affirmation in opposition to the application for a stay of eviction stated that the warrant of eviction was issued to enforce a stipulation entered into by Bellwest and the Debtor on December 30, 1980 in Civil Court, New York County. The stipulation provided for a final judgment for the full amount of rent and additional rent owed by the Debtor to Bellwest for the period from October 1, 1980 to December 31, 1980. Although the stipulation also provided that the warrant of eviction would be stayed to and including January 23, 1981, the warrant was not issued until April 2, 1981.

On the return day of the order to show cause, the Bankruptcy Judge denied the application for a restraining order. This Court issued a temporary restraining order on April 30, 1981, followed by a preliminary injunction pending appeal, issued May 4, 1981, on condition that current rent be paid, and that the appeal be expedited. Argument on the appeal was heard before me on May 29, 1981 and fully submitted.

The Bankruptcy Court, after brief colloquy with counsel, found in essence that the automatic stay granted by § 362 of the Bankruptcy Code did not apply to Debtor's eviction, stating that the Debtor "has no right to live on the arm while he proposes to stretch out his landlord like everybody else." The Bankruptcy Court therefore held that § 362 provides no automatic stay of the eviction from a leased residence of an employed person filing under Chapter 13. Essentially, therefore, the application for a preliminary injunction against the eviction was denied by the Bankruptcy Judge not for want of merit, but for want of power. The Bankruptcy Judge made no express finding with respect to the propriety or fairness of the Debtor's plan with respect to the landlord-creditor, nor did he give any opportunity for the petitioner to amend his plan with respect to assumption of the lease.

Because we think this result contravenes the literal terms of the statute and its beneficient purpose, we reverse.

■ We begin our discussion by noting that the Debtor had a lease, that is to say, an executory contract with the landlord for continued future occupancy of the residential premises. As the Debtor is a wage-earner, the use of these premises is essential to earning his income, which is derived from employment within the city in which he resides. Under applicable New York law, a lease is not extinguished unless and until the issuance of a warrant of eviction by the state court. New York Real Property Actions and Proceeding Law § 749(3). The issuance of a warrant of eviction against the Debtor in this case never became effective as a matter of law, however, because any such issuance was automatically stayed on March 2, 1981 by the filing of the Debtor's petition, as the landlord well knew.

■ Section 362(a) of the Bankruptcy Code provides in relevant part as follows:

"(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate."

Clearly an eviction proceeding is a judicial proceeding against the Debtor within § 362(a)(1), and the issuance of the state court warrant of eviction is the enforcement of a judgment against the Debtor

obtained before the commencement of the bankruptcy case within the meaning of § 362(a)(2). An eviction proceeding for unpaid pre-petition rent would also seem to be stayed by § 362(a)(3), because the eviction is an act by the landlord to obtain possession of property of the estate, with the property being the Debtor's right to possession or occupation of the premises under the lease. *See* 11 U.S.C. § 541. Thus, "an attempted ouster of a lessee after commencement of the [bankruptcy] case would be stayed under § 362(a)(3)." Collier on Bankruptcy, ¶ 362.04 at 362–31, 32 (15th ed. 1979). Further, the statutory exceptions to the automatic stay found in § 362(b) do not by their terms apply to a judicial proceeding to terminate a lease. Therefore, the eviction was stayed at all relevant times, and will remain so unless the Bankruptcy Court vacates the stay.

■ There is ample provision in § 362(d) for the Bankruptcy Court, on request of a party in interest, and after notice and hearing, to relieve a landlord from the automatic stay. Such application was never made in this case, and the Bankruptcy Court, because it misapprehended its power and the effect of the statutory stay, never considered that issue on its merits.

I hold, therefore, that if a wage-earner has a valid operative lease with a landlord of residential premises at the time of filing under Chapter 13, the automatic stay provisions of 11 U.S.C. § 362 apply to prevent the issuance on account of unpaid pre-petition rent of a state court warrant of eviction. So long as the stay remains in effect, there may be no eviction for unpaid pre-petition rent, without leave of the Bankruptcy Court obtained pursuant to § 362(d).

The Debtor tenant in this case has paid the rent for April 1981. The rent for May 1981 was deposited with this Court as a condition of the stay, and this Court granted leave to the landlord to withdraw the money upon submitting appropriate papers to the Clerk, and to do so without prejudice. The June 1981 rent has been paid or tendered. The preliminary injunction is now made permanent providing the Debtor pays

current rent, and subject to further proceedings before the Bankruptcy Court on remand.

■ There is no doubt that the Debtor's proposed plan is insufficient insofar as concerns this lease agreement. The Plan calls for payment of 54% of indebtedness to all unsecured creditors over a period of 36 months. The Debtor or trustee is, in effect, seeking to assume the unexpired lease under § 365 of the Code. In order to do so in compliance with the statute, however, the default in the lease caused by the unpaid pre-petition and any unpaid post-petition rent must either be cured by payment, or else adequate assurances "that the trustee will promptly cure" such default must be provided. The Court assumes that "promptly" in this statutory context means reasonably soon.

■ I read subparagraphs (1)(C) and (4) of § 365(b) as requiring the payment of current rent, which the Debtor in effect has done. Section 365(d)(2), applicable to a Chapter 13 case, authorizes assumption or rejection of an unexpired lease of the Debtor at any time before confirmation of a Plan, but provides also that the Bankruptcy Court on request of any party to the lease may order the trustee to determine within a specified period of time whether to assume or reject the lease. It was made clear at oral argument of this appeal that the Debtor in this case intends to assume the lease.

■ We leave it for the Bankruptcy Court on remand to entertain the Debtor's present proposal to cure the default, *i. e.*, pay off the back rent promptly, and provide assurance of continuing timely future performance. What would constitute a "prompt" payment of the arrears is a matter of fact which, of course, will depend upon the particular circumstances of the case, and is addressed to the Bankruptcy Court as a court of equity.

The order appealed from is reversed and remanded, with directions that the injunction against any eviction of the Debtor from the subject premises remain in effect so long as current rent is timely paid or

provided for, and pending adjudication in the Bankruptcy Court of the validity or not of Debtor's offer to assume the lease and to "promptly cure" the default by paying the rent arrears within such time as that Court may find to be a reasonable time.

This Court shares the concern of the experienced and devoted Bankruptcy Judge that Chapter 13 should not be used as just another means for tenants to frustrate the rights of landlords to receive either their rent arrears or the possession of the premises demised; absent a good faith showing of an intent to satisfy § 365 of the Code, the Bankruptcy Court can and should lift the statutory stay in any case and permit eviction proceedings to proceed in the state court.

So Ordered.