In re **Albert S. CAMPBELL, Debtor.**

**Albert S. CAMPBELL,**
**Plaintiff-Appellant,**

v.

**WELLS MORTGAGE & INVESTMENT,**
**INC., Defendant-Appellee.**

**Civ.A. No. 85–K–741.**
**Bankruptcy No. 84 B 00579 G.**
**Adv. No. 84 C 436.**

United States District Court,
D. Colorado,
Civil Division.

April 9, 1985.

---

Bradley S. Abramson, King & Scheffel, Denver, Colo., for debtor in Adversary Proceeding.

H. Christopher Clark, Denver, Colo., Interim Trustee for A.S. Campbell.

Darl B. Hobson, Englewood, Colo., Trustee for Wells Mortg. & Inv.

T.M. Brown, Denver, Colo., for trustee.

Steven Zimmerman, Denver, Colo., for Darl B. Hobson.

Scott A. Midgley, Boulder, Colo., for Wells Mortgage & Inv.

## ORDER OF DISMISSAL

KANE, District Judge.

On February 12, 1985 Bankruptcy Judge Clark entered her Findings, Conclusions and Order dismissing appellant's complaint to recover damages. Following Judge Clark's order, appellant filed a motion for a rehearing on February 22, 1985 which was denied on February 26, 1985. Thereafter, he filed a request for leave to file appeal on March 1, 1985 and a separate notice of appeal on March 7, 1985. The record is

unclear whether appellant is attempting to appeal from a final order or on an interlocutory basis. Also in question is whether the appeal is timely.

■ Apparently, the appellant is uncertain whether he should attempt to file a motion for leave to appeal pursuant to the provisions of Bankr.Rule 8003 or a notice of appeal of a final judgment pursuant to the provisions of Bankr.Rule 8002. Much of the confusion derives from the clerk of the bankruptcy court's policy of entering a separate document evidencing final judgment only in those cases affecting real property or the recovery of property or money as required by Bankr.Rule 5003(c).[1]

■ Since the clerk of the bankruptcy court did not enter final judgment in this case it was logical for appellant to assume that he must appeal on an interlocutory basis. Interlocutory appeals, however, can only be taken to the district court with the leave of the district court. *See* 28 U.S.C. § 158(a) and § 1334(b). In the case of interlocutory appeals Rule 8003(a) provides:

A motion for leave to appeal under 28 U.S.C. § 1334(b) or § 1482(b) shall contain: (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and of the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto.

Rule 8003(c) further provides:

If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court or the appellate panel may also deny leave to appeal but in so doing shall consider the notice to appeal as a motion for leave to appeal.

If appellant is attempting to appeal on an interlocutory basis he has not included any of the requisite information required by Rule 8003(a). Neither has he presented any justification for the grant of leave to appeal. Accordingly, if appellant's motions are intended as a motion for leave to appeal they are denied and the case is remanded to the bankruptcy court for further proceedings.

If, on the other hand, appellant is appealing from a final order the case is a bit more problematic. The Bankruptcy Amendments and Federal Judgeship Act of 1984 specifically provides that appeals from bankruptcy courts "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c). The parallel structure of appeals to the district courts from bankruptcy courts and appeals from district courts to the courts of appeals can also be discerned from the similar procedures provided for in the Bankruptcy Rules and the Federal Rules of Appellate Procedure. Bankr.Rule 8001(a) provides:

An appeal from a final judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel shall be taken by filing a notice of appeal with the clerk of the bankruptcy court within the time allowed by Rule 8002.

Similarly, Fed.R.App.P. 3(a) provides:

An appeal permitted by law as of right from a district court to a court of appeals shall be taken by filing a notice of appeal with the clerk of the district court within the time allowed by Rule 4.

Rule 8002(a) provides that:

The notice of appeal shall be filed with the clerk of the bankruptcy court within 10 days of the date of the entry of judgment, order or decree appealed from.

Similarly, Fed.R.App.P. 4(a) provides:

(1) In a civil case in which an appeal is permitted by law as of right from a

---

**1.** I take judicial notice that this is the practice of the clerk of the bankruptcy court of the District of Colorado.

district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from.

Unless specifically taken on an interlocutory basis, appeals must, by statutory mandate and as a matter of sound judicial policy, be taken only from a final order or judgment. See 28 U.S.C. § 158(a) and § 1291; *Catlin v. United States*, 324 U.S. 229, 233–34, 65 S.Ct. 631, 633–34, 89 L.Ed. 911 (1945). The difficulty in gauging the timeliness or appropriateness of an appeal from either a bankruptcy court or a district court is determining from which order a party is appealing and whether that order is final. Both the Bankruptcy Rules and the Rules of Civil Procedure provide guidance in this regard. Rule 58, Fed.R. Civ.P. and and Bankr.Rule 9021(a) specifically direct clerks of the respective courts, and not the judges, to prepare, sign and enter judgment.[2] Moreover, each rule requires that the clerk enter judgment on a separate document, so as to avoid any uncertainty concerning the finality of an order. *See* Notes of Advisory Committee

following Fed.R.Civ.P. 58 as reported in 28 U.S.C.A. and Notes of Advisory Committee following Bankr.Rule 9021, as reported in 11 U.S.C.A.; *see also United States v. Indrelunas*, 411 U.S. 216, 220–21, 93 S.Ct. 1562, 1564–65, 36 L.Ed.2d 202 (1973); *In Re Smith Corset Shops, Inc.*, 696 F.2d 971, 975 (1st Cir.1982). In *Indrelunas* the Supreme Court held, in the context of appeals from district courts to courts of appeal, that absent a separate document executed by the clerk of the court there was no final judgment or order which could be appealed. The court's reasoning is equally compelling in the context of appeals from bankruptcy courts to district courts. I see no reason to deviate from the standard set in *Indrelunas* in the bankruptcy context. The separate document rule must be mechanically applied. *See Matter of Moralez*, 553 F.2d 1192 (9th Cir.1977).

Here, as in *Indrelunas* there is nothing meeting the requirement of a separate document. As such appeal to this court is inappropriate and this case must be dismissed and remanded to the bankruptcy court for further proceedings consistent with this order.[3]

---

**2.** Rule 58, Fed.R.Civ.P. provides:

Subject to the provisions of Rule 54(b): (1) upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court; (2) upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of judgment, and the clerk shall thereupon enter it. Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a). Entry of the judgment shall not be delayed for the taxing of costs. Attorneys shall not submit forms of judgment except upon the direction of the court, and these directions shall not be given as a matter of course.

Bankruptcy Rule 9021(a) is almost identical providing:

Subject to the provisions of Rule 54(b) F.R. Civ.P.: (1) on a general verdict of a jury, or on a decision by the court that a party shall recover only a sum certain or costs or that all

relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court; (2) on a decision by the court granting other relief, or on a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of judgment, and the clerk shall thereupon enter it. Every judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document. A judgment is effective when entered as provided in Rule 5003. Entry of the judgment shall not be delayed for the taxing of costs.

**3.** I am mindful that the holding herein suggests that absent the entry of a judgment by the clerk in a separate document orders from the bankruptcy court are not final. As such, this court would lack jurisdiction to hear many appeals from the bankruptcy court. *See supra* note 1 and accompanying text. Any retroactive application of this holding would wreak havoc on bankruptcy appellants now before this court or the court of appeals. However, in the context of appeals from district courts to courts of appeals, the Supreme Court held that under cer-

This appeal is dismissed and the case is remanded to the bankruptcy court.

tain circumstances the mandatory requirements of entry of final judgment by the clerk of the court are unnecessary. *See Bankers Trust Co. v. Mallis,* 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978). Where there is no ambiguity that the bankruptcy judge's opinion represented a final decision in the case and the parties act as if final judgment had been entered, "then the parties should be deemed to have waived the separate judgment requirements" and the district court can properly assume jurisdiction over the appeal. *Id.* at 388, 98 S.Ct. at 1121. Thus, in those cases already appealed where there is no dispute as to the finality of the bankruptcy court's order the separate entry of judgment rule is inapplicable. However, mechanical application of the rule shall be required on a prospective basis. *See also In Re Smith Corset Shops, Inc.,* 696 F.2d at 975; *In Re Donnell,* 639 F.2d 535, 540–41 (9th Cir.1981).