**In re Roger Marvin WHITBY, Debtor.**

**Bankruptcy No. 84–04329–R.**

United States Bankruptcy Court,
E.D. Michigan.

July 31, 1985.

Karen E. Stoorman, Detroit, Mich., for debtor.

Robert F. Helfand, Southfield, Mich., for creditor Union Indemnity Insurance Co.

## ORDER DENYING MOTION TO DISMISS AND GRANTING ALTERNATIVE MOTION TO SUSPEND BANKRUPTCY PROCEEDINGS

STEVEN W. RHODES, Bankruptcy Judge.

The debtor's major creditor, the Union Indemnity Insurance Company, has filed a motion to dismiss the bankruptcy petition or in the alternative to suspend proceedings. The motion is filed pursuant to 11 U.S.C. § 305, which provides in pertinent part:

> (a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—
>
> (1) the interests of creditors and the debtor would be better served by such dismissal or suspension.

In March of 1984, Union Indemnity's insured and subrogee, Robert Taylor and All States Photo Company, sustained fire damage in the amount of $12,643.09. On October 3, 1984, Union Indemnity filed a complaint against Roger Marvin Whitby in the Wayne County Circuit Court, alleging that Whitby was negligent in causing the fire. On December 17, 1984, Whitby filed a petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* The filing of the petition in bankruptcy has stayed Union Indemnity's state court action. 11 U.S.C. § 362.

Union Indemnity contends that Whitby filed his bankruptcy petition in order to avoid its claim, and that the granting of relief to Whitby would be a substantial abuse of the Bankruptcy Code. Union Indemnity notes that Whitby has a regular income and is generally able to pay his debts as they come due. Further, Union Indemnity maintains that Whitby was not insolvent when the petition was filed. Because it would be amenable to working out a payment schedule if its claim is sustained, Union Indemnity maintains that the burden of requiring Whitby to pay this debt is slight when compared with the prejudice that it would suffer if its claim were discharged in bankruptcy. Union Indemnity concludes that because Whitby has misused the bankruptcy laws, "(t)he Court should not allow a rigid adherence to bankruptcy rules to dictate a result which would be unconscionable and unfair." (Brief, page 3)

Whitby contends that he was insolvent at the time he filed his Chapter 7 petition, and that the petition was filed because he could not afford to retain an attorney to defend himself in the state proceedings. Further, Whitby notes that § 305(a)(1) provides for dismissal only when it would be in the best interest of both debtor and creditor. Whitby contends that Union Indemnity's motion is improper because "requiring the debtor to pay approximately $13,000 to [Union Indemnity] is not in the debtor's best interest, nor is defending [its] lawsuit, which would require the Petitioner to spend large sums on attorney fees, monies he cannot afford to spend." (Brief, page 2)

Plainly, Section 305(a)(1) authorizes dismissal only when the interests of both the creditors and the debtor are better served. In this case, there is no doubt that the interests of Union Indemnity would be better served by dismissal; it could then pursue its claim to judgment and then execution if it prevails. However, for the same reason, the interests of the debtor are not better served by dismissal. As noted in

a Chapter 11 context in *In re Pine Lake Village Apartment Company,* 16 B.R. 750, 753 (Bankr.S.D.N.Y.1982):

> It defies credulity to say that the debtor's interest would be better served by a dismissal when the debtor voluntarily sought the mechanics of Chapter 11 for the purpose of rehabilitation and a fresh start.

Accordingly, the motion to dismiss must be denied.

■ On the other hand, the Court concludes that suspension of the bankruptcy proceedings pending a resolution of the state court action would better serve the interests of the parties. The debtor's interests are better served because if Union Indemnity's claim is resolved in his favor, he might well decide to voluntarily dismiss his petition, or convert it to Chapter 13, considering that his total debt would then only amount to $5215. And even if Union Indemnity prevails, it has already indicated its willingness to accept an installment judgment pursuant to M.C.L.A. § 600.6201 *et seq.;* so in that event too, the debtor might well decide to forego his remedies under Chapter 7. Finally, in the event that Union Indemnity prevails and for some reason a judgment in full is entered, rather than an installment judgment, the debtor will still have his Chapter 7 remedies available to him. Admittedly, both parties will have expended some amounts for attorney fees at that point. Nevertheless, Union Indemnity has already indicated its commitment in this regard; and the debtor's contention that he cannot afford attorney fees to defend the action must be rejected in light of his current positive cash flow and the relatively simple nature of the issues to be tried. More importantly, as noted above, upon the expenditure of some small amount for attorney fees to participate in the resolution of Union Indemnity's contingent claim, the debtor may well decide to change his decision to proceed under Chapter 7. Thus, suspension of the proceedings for that purpose would better serve the interests of all concerned.[1]

In reaching this conclusion, the Court has considered the substantial authority discussed and cited in Rouin, *Abstention Under Section 305: When is it Appropriate,* 59 Am.B.L.J. 89 (Winter 1982). This authority holds that dismissal under Section 305 is appropriate only when the three factors enumerated in the legislative history of Section 305 are found, namely:

> (1) An arrangement is being worked out by the creditors and the debtor out of court;
>
> (2) there is no prejudice to the rights of the creditors in that arrangement; and
>
> (3) an involuntary case has been commenced by a few recalcitrant creditors to provide a basis for future threats to extract full payment. U.S.Code Cong. & Ad.News 5787, 62 81 (1978).

*See e.g. In re Luftek,* 6 B.R. 539 (Bankr.E. D.N.Y.1980); *In re RAI Marketing Services, Inc.,* 20 B.R. 943, 945 (Bankr.D.C.Kan. 1982).

The Court is not persuaded however that this authority precludes the result reached herein, for several reasons. First, the result addressed in these cases and in the legislative history was dismissal rather than suspension. Second, the legislative history was clearly intended to be illustrative rather than restrictive; if Congress

---

1. This analysis must of necessity ignore Union Indemnity's contention that the petition should be dismissed because it constitutes a "substantial abuse" of the Bankruptcy Code. 11 U.S.C. § 707(b) clearly provides that a creditor lacks standing to make such an argument:

> After notice and a hearing, the court, on its own motion and not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief

would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.

Nevertheless, the debtor and his counsel will be in a much better position to evaluate the effect of this provision on the bankruptcy petition after Union Indemnity's claim is resolved; therefore, this is another factor indicating that the debtor's interests are better served by suspending the proceedings.

intended to limit dismissal and suspension to involuntary cases in which the three enumerated factors are found, it could easily have done so. Third, the language of Section 305(b) broadly requires an analysis of the interests of the parties in each case; it would be a gross abuse of the discretion vested in the Court by this section to deny dismissal or suspension when the interests of all concerned would be better served. Thus, this authority does not preclude the result reached herein.

Accordingly, it is ordered that the motion to dismiss is denied, that the motion to suspend is granted, that these proceedings are suspended pending the entry of a judgment in the state court action, that the stay of 11 U.S.C. § 362 is lifted as to those proceedings through the entry of a judgment, and that the parties shall notify the Court when a judgment is entered.