**FIRST INTERSTATE BANK OF DENVER, N.A., Movant/Appellant,**

v.

**Elmer D. WERTH, Debtor/Appellee.**

**Civ. A. No. 86–K–102.**
**Bankruptcy No. 80 B 3483 M (JLG).**

United States District Court,
D. Colorado.

Feb. 21, 1986.

James T. Burghardt, Adam M. Golodner, Denver, Colo., for movant-appellant.

Paul D. Rubner, Lee M. Kutner, Denver, Colo., for debtor-appellee.

## ORDER

KANE, District Judge.

First Interstate Bank of Denver, N.A. is a creditor of Elmer Werth. On December 6, 1985, Judge Jay Gueck entered an order denying appellant's request to file an alternate plan to the one filed by the debtor. Appellant filed a notice of appeal of Judge Gueck's order. The clerk of the bankruptcy court, however, treated the Notice of Appeal as a motion for leave to appeal under Bankruptcy Rule 8003(c).

This matter is before me on appellant's motion for leave to file a brief in support of its notice of appeal, or alternatively, motion for leave to appeal.

The United States district courts are empowered to hear final and interlocutory appeals from bankruptcy court decisions pursuant to 28 U.S.C. § 158(a) which provides in relevant part:

> The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

The Bankruptcy Code has undergone numerous changes in the past few years and as a result, it is sometimes difficult to discern whether an appeal is from a final order or from an interlocutory order. Ap-

148

pellant first argues that it is appealing from a final order.

As I noted in *In re Campbell*, 48 B.R. 820 (D.Colo.1985), "the Bankruptcy Amendments and Federal Judgeship Act of 1984 specifically provide that appeals from bankruptcy courts 'shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules.' 28 U.S.C. § 158(c)." A parallel structure of appeals to the district courts from bankruptcy courts and appeals from district courts to the courts of appeals can also be made from the similar procedures provided for in the Bankruptcy Rules and the Federal Rules of Appellate Procedure. *See* Bankr.Rules 8001(a), 8002(a) and Fed. R.App.P. 3(a) and 4(a).

█ It is clear that unless specifically taken on an interlocutory basis, appeals must, by statutory mandate and as a matter of sound judicial policy, only be taken from a final order or judgment. *See* 28 U.S.C. § 158(a) and § 1291; *see also Catlin v. United States*, 324 U.S. 229, 233–34, 65 S.Ct. 631, 633–34, 89 L.Ed. 911 (1945). It is difficult to gauge the appropriateness of an appeal from the bankruptcy court or a district court because it is difficult in itself to determine whether the order being appealed is final. In the *Campbell* case, I found guidance in this regard from both the Bankruptcy Rules and the Rules of Civil Procedure. Fed.R.Civ.P. 58 and Bankr. Rule 9021(a) specifically direct clerks of the respective courts, not the judges, to prepare, sign and enter judgment. Furthermore, both rules require that the clerk enter judgment on a separate document, in order to avoid any uncertainty concerning the finality of an order. *See* Fed.R.Civ.P. 58 advisory committee note and Bankr.Rule 9021 advisory committee note. *See also United States v. Indrelunas*, 411 U.S. 216, 220–21, 93 S.Ct. 1562, 1564–65, 36 L.Ed.2d 202 (1973) (in the context of appeals from district courts to courts of appeal, there was no final judgment or order which could be appealed, without a separate document

executed by the clerk of the court); *In Re Smith Corset Shops, Inc.*, 696 F.2d 971, 975 (1st Cir.1982).

█ In concurrence with my holding in *Campbell*, I find no reason to deviate from the standard set in *Indrelunas* in the bankruptcy context. The separate document rule must be mechanically applied. *See also Matter of Moralez*, 553 F.2d 1192 (9th Cir.1977).

█ Nothing in the case at bar, as in *Campbell* and *Indrelunas*, meets the separate document requirement. An appeal to this court of a final order as a matter of right, therefore, is not appropriate. Appellant's motion for leave to file a brief in support of its notice of appeal is denied.

█ Appellant, in the alternative, filed a motion for leave to appeal. The three factor analysis set forth in 28 U.S.C. § 1292 must be met before an interlocutory appeal will be heard by this court. First, does the bankruptcy order involve a controlling question of law? Second, is there substantial ground for difference of opinion? Third, would an immediate appeal from the bankruptcy order materially advance the ultimate termination of the litigation?

I conclude from the record that an immediate appeal from the bankruptcy order would not materially advance the ultimate termination of this litigation. The third requirement of § 1292 is not met. An interlocutory appeal, therefore, is not appropriate and appellant's motion for leave to file an appeal is denied.

It is hereby ORDERED that:

1. Appellant's motions are denied, and

2. This appeal is dismissed and the case is remanded to the bankruptcy court for further proceedings consistent with this order.