In re Manuel SAFÓN OCHART d/b/a
The Shuck Inn, Debtor.

Bankruptcy No. 85–01906(ESL).

United States Bankruptcy Court,
D. Puerto Rico.

Dec. 18, 1986.

Gerardo A. Quirós López, Figueroa, Quirós & Diaz López, Hato Rey, Puerto Rico, for debtor.

Eli B. Arroyo, San Juan, Puerto Rico, for creditor Antonio Luis Diaz.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

This matter is before the court on the motions [1] by Manuel Safón Ochart, d/b/a The Shuck Inn, the debtor herein, to enjoin Antonio Luis Diaz and his attorneys from evicting debtor from the premises he allegedly leases to operate his business. Mr. Antonio Luis Diaz is the owner and landlord of the premises. The relations between debtor and Mr. Diaz, as well as their ongoing litigation, was summarized in the order dated August 20, 1986. Copy of the order is attached hereto as Appendix I.

The Court in its August 20, 1986 order scheduled an evidentiary hearing to consider debtor's motion to assume the lease and to consider whether the stay should be lifted to allow eviction proceedings before the Superior Court of Puerto Rico, Carolina Part, in Civil Case No. 85–1643. The issues were briefed by both parties and submitted to the Court on October 15, 1986. After considering the briefs and the record, on October 29, 1986, the Court entered an order abstaining from the case pursuant to 11 U.S.C. § 305(a)(1) and granting relief from the stay to allow the parties to continue their litigation before the state court.

Debtor now moves the Court to enjoin the landlord from evicting him from the premises on the grounds that the order entered on October 29, 1986 is null and void because the Court lacked in personam jurisdiction to vacate the stay and because the Court lacked subject matter jurisdiction to abstain.

At the outset, this Court must determine whether it has, at this time, jurisdiction to

1. On December 10, 1986 the debtor filed a motion requesting an emergency order, and on December 15, 1986 a request for temporary restraining order, and a preliminary and permanent injunction. This Court denied both motions insofar as they requested a temporary restraining order for failure to comply with Rules 7001 and 7065 and for lack of a reasonable probability to succeed on the merits in view of the unreviewability provisions of 11 U.S.C. § 305. On December 16, 1986 at 2:08 P.M. the debtor again filed a complaint requesting a temporary restraining order. The Court did not rule on this complaint because the issues presented in the motions referred to before are the same as those of the complaint and because respondents voluntarily agreed not to take any action until this order was entered.

consider debtor's motions in view of the provisions of 11 U.S.C. § 305(c).[2]

■ Although Section 305(c) states that a decision to abstain is not reviewable by appeal or otherwise, review is proper when it concerns constitutional issues such as due process and jurisdiction to enter the abstention order. *Farmer v. First Virginia Bank of Fairfax County*, 22 B.R. 488 (Bkrtcy.E.D.Va.1982); *In re Cash Currency Exchange Inc.*, 37 B.R. 617 (N.D. Ill.1984), affirmed 762 F.2d 542.

The Court, therefore, proceeds to rule on the motions which are hereby construed to be motions under Rule 9024 for relief from judgment or order and to reopen a case under the Code.

*Relief from Stay*

The Court in its order granted relief from stay to continue with the state court proceedings. Debtor argues that he was not properly summoned because rule 7004(b)(9)[3] requires service upon both the debtor and the attorney, and only the attorney was served. The landlord claims that under Rule 4 of the Federal Rules of Civil Procedure, which is also applicable to bankruptcy proceedings, service on the attorney for a defendant is sufficient service.

This Court after a perusal of the record and docket has not found that a motion for relief from stay as such was ever filed. However, Antonio Luis Diaz, in his June 5, 1986 opposition to motion of assumption to lease agreement, has argued that debtor's delaying tactics constitute sufficient cause to lift the automatic stay. Also, in his motion requesting relief filed on August 4, 1986, Antonio Luis Diaz prayed the "court

to deny debtor's motion for assumption of lease agreement so that the eviction proceedings, at the local courts, can be completed". It appears that such requests were considered by the Court as a motion to lift stay. Notwithstanding, the issue before the court at this time is whether Antonio Diaz obtained in personam jurisdiction over the debtor. Because we find this issue dispositive we will not address the merits of the requests to lift the automatic stay.[4]

■ Service of process on a debtor in bankruptcy proceedings is governed by Rule 7004(b)(9), which requires service upon *both* the debtor *and* the attorney, and not only upon the attorney. *In re C.R. Mckenzie, et al.*, 57 B.R. 42, 43 (Bkrtcy. D.S.C.1985.) Deficient service of process upon the debtor results in lack of in personam jurisdiction. *In re Valeu*, 53 B.R. 549, 554 (Bkrtcy.D.N.D.1985). Accordingly, since service was not made upon the debtor, the court lacked in personam jurisdiction over him in the request to lift stay. Therefore, the relevant part of the October 29, 1986 order lifting the automatic stay is hereby vacated and set aside.

*Abstention*

■ Debtor claims that the bankruptcy court lacked subject matter jurisdiction to enter the abstention order under 11 U.S.C. § 305. He alleges that such an order must be entered by the district court (Article III judge) and not by the bankruptcy court (Article I judge). Debtor relies on the recent decision of the First Circuit Court of Appeals in *Corporacion de Servicios Medi-*

---

2. Section 305(c) states that:

"An order under subsection (a) of this section dismissing a case or suspending all proceedings in a case, or a decision not so to dismiss or suspends, is not reversible by appeal or otherwise."

3. Rule 7004(b)(9) states that:

"(9) Upon the debtor, after a petition has been filed by or served upon de debtor and until the case is dismissed or closed, by mailing copies of the summons and complaint to the debtor at the address shown in the petition or statement of affairs or to such other address as the debtor may designate in writing filed with the

court and, if the debtor is represented by an attorney, to the attorney at this post-office address."

4. Debtor relies on *In re Butler*, 14 B.R. 532 (S.D.N.Y.1981) to state that a motion for relief from stay is not the proper remedy to assert rights under a lease contract. The court finds to the contrary. The Court in *Butler*, at page 535, held as follows:

"There is ample provision in § 362(d) for the bankruptcy court, on request of a party in interest, and after notice and hearing, to relieve a landlord from the automatic stay. *Such application was never made in this case, ...*" (Emphasis ours)

,cos Hospitalarios de Fajardo v. Hon. Luis Izquierdo Mora, et al., 805 F.2d 440 (1st Cir.1986). The emphasis on this decision is misplaced. Both the factual setting and the abstention statute relied upon by the Bankruptcy Court are different.

The First Circuit Court of Appeals in Corporacion de Servicios Medicos Hospitalarios de Fajardo held that the Bankruptcy Court may not enter an abstention order under 28 U.S.C. § 1334(c), that such a power rests exclusively with the District Court. We agree. The statute is clear. However, abstention under § 1334(c) from hearing a particular proceeding should be distinguished from abstention under Section 305 of the Bankruptcy Code (11 U.S.C. § 305) which concerns abstention from hearing the entire case.

Section 1334 of Title 28 is a grant of jurisdiction to the district Court and subsection (c) clearly speaks in terms of the district Court, not the Bankruptcy Court. Section 305 of Title 11, is a discretion given to the Bankruptcy Court to abstain or dismiss a case if it would serve "the interests of creditors and the debtor". The bankruptcy court in this case relied on Section 305, and not on Section 1334.

The court had before it two core proceedings, a motion to lift stay and a motion to assume a lease contract. See 28 U.S.C. § 157(b)(2)(G), (M). The court had authority to pass on these core proceedings. In re Nexus Communications Inc., 55 B.R. 596 (Bkrtcy.E.D.N.C.1985); Matter of Republic Oil Corp., 51 B.R. 355, 358 (Bkrtcy.W.D. Wis.1985).

█ Section 305 authorizes dismissal when the interests of both the creditor and the debtor are better served. In re Whitby, 51 B.R. 184, 185, (Bkrtcy.E.D.Mich. 1985); and is not designed to serve the interests of creditors or the interest of the debtor only. Matter of WPAS, Inc., 6 B.R. 44 (Bkrtcy.M.D.Fla.1980). The court in this respect held in its October 29, 1986 order that: "These are circumstances under which the interests of all parties are best served by this court exercising its authority to invoke the doctrine of abstention." (Em-

phasis ours.) Thus, the court considered both the creditors and the debtor.

What were these circumstances? The court described them as follows:

"The record clearly indicates that the dispute between creditor, Antonio Luis Diaz, and Debtor involves parties and issues which have been the subject of extensive litigation before the courts of the Commonwealth of Puerto Rico. The threshold issues of whether a lease contract exists, whether said lease may be assumed by the Debtor, and whether eviction proceedings filed before local courts are proper, must be resolved in accordance with state law. Both issues have been and presently are before said local Courts. To allow the parties to litigate these issues within this bankruptcy case would only promote a duplication of judicial effort, without a corresponding benefit."

█ In determining whether to abstain or not the Bankruptcy Court should take into consideration efficiency and economy of administration as primary factors. In re Michael S. Starbuck, Inc., 14 B.R. 134, (Bkrtcy.S.D.N.Y.1981); the court may also consider whether state proceedings are so far advanced that it would be costly and time consuming to start afresh with federal bankruptcy process. Matter of Nina Merchandise Corp., 5 B.R. 743 (Bkrtcy.S.D. N.Y.1980). These factors were taken into consideration by this court in its October 29, 1986 order. The same are not only permissible but of paramount importance. The court, thus, not only had authority to enter the order but took into account relevant and dispositive factors. This court may not, and will not, at this time substitute its personal judgment for that of the court in its October 29, 1986 order. Accordingly, debtors motion to set aside the abstention order is hereby denied.

█ At the December 16, 1986 hearing the court raised sua sponte the issue of whether the October 29, 1986 order was final since judgment had not been entered in a separate document. Both parties admitted to having relied on the finality of

the Order, and had not considered the fact that judgment had not been entered in a separate document. This Court considers the order by itself to be a final order and a judgment as defined in Rule 9001(7). The order definitely ends the litigation completely. *Catlin v. United States,* 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945).

█ Also, there is no need to enter judgment in a separate document in all orders in contested matters. See Advisory Committee Notes to Rule 9021(a).

However, in this case the Bankruptcy Court specifically directed that judgment be entered. Both Rule 58 of the Federal Rules of Civil Procedure and Bankruptcy Rule 9021(a) specifically direct the Clerk to prepare and enter the judgment in a separate document when appropriate to do so. *In re Campbell,* 48 B.R. 820, 823 (D.Colo. 1985). The established doctrine in the First Circuit, *In re Smith Corset Shops, Inc.,* 696 F.2d 971 (1st Cir.1982); and the general trend is that the separate document rule must be mechanically applied. *In Re Campbell, supra; First Interstate Bank of Denver, N.A. v. Werths,* 58 B.R. 146 (D.Colo.1986); *In re Rehbein,* 60 B.R. 436 (9th Cir. BAP 1986).

The Clerk, had a ministerial duty to enter judgment as he was ordered to do by the Court.

In view of the foregoing, the bankruptcy case stands dismissed under Section 305(a) of Title 11.

The Clerk shall enter judgment dismissing the instant petition.

IT IS SO ORDERED.

## APPENDIX I

### ORDER

Debtor herein Manuel Safón Ochart ("Safón") operates a business concern known as The Shuck Inn in certain premises located at No. 1 Violeta St. in the Isla Verde sector of Carolina, Puerto Rico. The owners of said premises were, in common tenancy, Wenceslao Rodriguez, Gladys Aleida Córdova González, Antonio Córdova a/k/a Luis Antonio Córdova González, and Ivonne Altagracia Córdova González. On October 5, 1981, Wenceslao Rodríguez leased said premises to Safón. The lease contract was for ten (10) years and the same could be recorded at the Registry of the Property of the Commonwealth of Puerto Rico.

On August 9, 1984, Safón sued said Wenceslao Rodríguez in the Superior Court, Carolina Part, demanding that the lease contract be incorporated into a public deed so that it might be recorded in the Registry. On the basis of a stipulation entered between Safón and said Wenceslao Rodríguez, the Carolina Court entered judgment in favor of Safón and, accordingly, a Marshall of said Court executed Public Deed No. 1 on February 19, 1985, before Notary Iván Diaz López *recognizing Safón's lease rights.* Said deed was recorded in the Registry of the Property.

Prior to the judgment, and the recordation of said Public Deed No. 1, Antonio Luis Díaz ("Díaz") acquired, by purchase, the aforementioned premises from its owners. At the request of Díaz, the Supreme Court of Puerto Rico annulled the judgment which, by stipulation, had been rendered by the Carolina Court. Said judgment was rendered by the Supreme Court of Puerto Rico on December 2, 1985, and the same provided for further proceedings at the Superior Court (Case Number CE–465).

Meanwhile, Díaz had filed a suit for eviction against Safón for non-payment of rents as to which, Díaz alleges that the Superior Court of Carolina rendered judgment in his favor, and against Safón, on August 9, 1985 (Civil Case Number 85–1643). Díaz alleges that he only needs a writ of execution to conclude the eviction proceeding. Debtor alleges that there is not a final and firm judgment.

It was after the decision of the Supreme Court that Safón filed his petition for bankruptcy and, consequently, on December 12, 1985, this Court issued its order of automatic stay of suits. Accordingly, the procedures for eviction for non-payment of rents, as well as the procedures to annull

Deed No. 1 and its recordation at the Registry of the Property, have been paralyzed.

On February 24, 1986, Díaz asked for relief from the automatic stay so that he might complete the eviction procedures. But before that, on February 20, 1986 Safón had filed with us a Motion of Assumption of Lease Agreement, within the 60 days period required under § 365(d)(4). A hearing on said motion was held on May 29, 1986 at which Díaz appeared, and opposed the same. Both Safón and Díaz were granted a term to file a brief in support of their positions. Said briefs having been filed, we now decide.

The issue before us is whether debtor has complied with the requirements to assume the lease. In order to assume a contract, the debtor in possession must under § 365(d)(4) of the Bankruptcy Code request the assumption, and under § 365(b)(1)(A) the debtor in possession must cure existing defaults and provide adequate assurance that such defaults will be cured. Assurance of debtor's future performance is also required under § 365(b)(1)(C). Debtor alleges that since the filing of the petition he has been complying with the payment of rents. *Nothing is alleged in relation to arrears prior to the filing of the petition. Another issue is whether relief from stay should be granted to Díaz by virtue of the alleged judgment in Civil Case 85–1643.*

WHEREFORE, it is now ORDERED that an evidentiary hearing shall be held on *OCTOBER 7, 1986 at 10:00 A.M.*

IT IS SO ORDERED.

San Juan, Puerto Rico, this 20th day of August, 1986.

/s/ W.H. Beckerleg
W.H. BECKERLEG
U.S. Bankruptcy Judge