**In re CHATEAUGAY CORPORATION, Reomar, Inc., The LTV Corporation, et al., Debtors.**

**UNITED STEELWORKERS OF AMERICA, Appellants,**

v.

**The LTV CORP., et al., Appellees.**

**No. 87 Civ. 1239 (MJL).**

United States District Court, S.D. New York.

May 10, 1987.

Cohen, Weiss and Simon, New York City by Richard M. Seltzer, Babette Ceccotti, for appellant, United Steelworkers of America.

## MEMORANDUM OPINION AND ORDER

LOWE, District Judge.

The United Steelworkers of America ("USWA") appeals from an order of the Bankruptcy Court dated January 7, 1987 (the "Interlocutory Order") entered in response to an Adversary Proceeding initiated by one of the debtors, the LTV Corporation ("LTV"). The Interlocutory Order preliminarily enjoined the USWA from commencing or continuing any action with respect to LTV's pension plans or any other employee benefit plans pending a continuing hearing on the matter to be held on January 22, 1987.[1] (Interlocutory Order, p. 5).

The USWA timely filed its interlocutory appeal, which was docketed in this court on February 25, 1986. As part of its notice of appeal, the USWA applied for leave to appeal "[i]n the event [a motion] is required ..." The motion for leave to appeal contained no statement of facts and was not accompanied by a brief. Nor did the USWA provide a statement of the reasons why an appeal should be granted. The USWA did properly file its designation of record and statement of issues on appeal, which was also docketed in this court on February 25, 1987. The USWA raised the following four questions for this court's review:

1. Whether the Bankruptcy Court erred as a matter of law in issuing a preliminary injunction against USWA in that the proper legal standard was not met.

2. Whether the finding of irreparable harm as to USWA was insufficient and/or clearly erroneous.

3. Whether the Bankruptcy Court abused its discretion under 11 U.S.C. § 105 in issuing a preliminary injunction against USWA.

4. Whether the issuance of an injunction against USWA constituted a denial of due process.

(Designation of Record and Statement of Issues on Appeal in 87 Civ. 1239, p. 2).

On January 23, 1987, the Bankruptcy Court resumed its hearing on LTV's application for injunctive relief. On February 26, 1987, the Bankruptcy Court issued an injunction (the "February 26 Order") against the USWA and other entities for one year. The February 26 Order barred the commencement or continuation of any action with respect to the pension plans or any employee benefit plans, except for certain actions by the PBGC, an application to intervene in any termination proceeding commenced by the PBGC, or an action brought solely against a pension plan for the purpose of seeking benefits payable from the assets held in trust. Also excepted were actions before the Bankruptcy

---

1. The Interlocutory Order did permit the USWA to apply for intervention in any proceedings brought by the Pension Benefit Guarantee Corporation ("PBGC") to terminate any LTV pension plan. (Interlocutory Order, p. 5).

Court for relief from the February 26 Order pursuant to the standards applicable to a motion to lift an automatic stay under 11 U.S.C. § 362(d). (*See* Order and Judgment Enjoining Litigation with Respect to Pension Plans and Employee Benefits dated February 26, 1987).

The USWA once again appealed this now "final" order of the Bankruptcy Court.[2] (*See* Civil Cover Sheet for 87 Civ. 2508). The appeal was filed in the district court on April 14, 1987. The designation of record and statement of issues on appeal was also filed in the district court at that time. The stated issues were essentially the same:

1. Whether the Bankruptcy Court erred as a matter of law in issuing an injunction against USWA in that proper legal standards were not met.

2. Whether the findings of fact were insufficient as a matter of law and/or clearly erroneous as applied to USWA.

3. Whether the Bankruptcy Court abused its discretion under 11 U.S.C. § 105 in issuing an injunction against USWA.

4. Whether the issuance of an injunction against USWA constituted a denial of due process.

(Designation of Record and Statement of Issues on Appeal in 87 Civ. 2508, p. 3). On April 29, 1987 the USWA filed its brief on the appeal from the February 26 Order, which states in a footnote:

Appellant has also appealed from a preliminary injunction of even broader scope [than the February 26 Order] issued December 12, 1986 and entered January 9, 1987 [the January 7 Order]. In this consolidated appeal,[3] appellant challenges the injunction from December 12, 1986 through the duration of the final order.

(Brief of Appellant United Steelworkers of America, "USWA Br.," p. 1 n. 1).

**2.** We make no finding as to whether the February 26 Order was a "final" order in view of the one-year limitation imposed by the Bankruptcy Court.

**3.** The appellant cannot achieve consolidation of its appeals simply by unilaterally declaring their consolidation. Under Rule 42(a) of the Federal

Section 158 of Title 28 of the United States Code provides that the district courts have jurisdiction "to hear appeals from final judgments, orders, and decrees, and with *leave of court,* from interlocutory orders and decrees, of bankruptcy judges ..." 28 U.S.C. § 158(a) (emphasis added). Bankruptcy Rule 8003 is specifically addressed to the contents of a motion for leave to appeal:

A motion for leave to appeal ... shall contain: (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and of the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto.

Bankruptcy Rule 8003(a). The USWA has failed to provide the court with the information necessary to a decision on its motion for leave to appeal.

Bankruptcy Rule 8009 sets forth additional requirements for the perfection of a bankruptcy appeal. Rule 8009 provides that the appellant "shall serve and file his brief within 15 days after entry of the appeal on the docket [of the district court] ..." Bankruptcy Rule 8009(a)(1). The USWA never filed any brief in its appeal from the Interlocutory Order. Nor did the appellant seek an extension of time to do so.

Appellant USWA has failed to timely provide this court with (1) the information necessary to rule on the appealability of the Interlocutory Order; or (2) an appellate brief. Moreover, the USWA's appeal of the Interlocutory Order is moot in view of its more recent appeal of the Bankruptcy Court's February 26 Order. Accordingly, the USWA's appeal of the Interlocutory Order is dismissed. *See In re Campbell,* 48 B.R. 820, 822 (D.C.Colo.1985); *In re*

Rules of Civil Procedure, the *court* may order consolidation of actions. No application for consolidation has been made. Nor have other parties to this litigation been given an opportunity to respond to appellant's declaration of consolidation.

*Quevedo,* 35 B.R. 117, 119–120 (D.C. Puerto Rico 1983).

It Is So Ordered.