**In re FILLARD APARTMENTS, LTD., Debtor.**

**Appeal of RETTER, Daniel, et al.**

**No. 89–1323–Civ.**

United States District Court, S.D. Florida, Miami Division.

July 28, 1989.

Gregory Aaronson, Miami, Fla., for appellant.

Chad Pugatch, Ft. Lauderdale, Fla., for appellee.

MEMORANDUM OPINION

SPELLMAN, District Judge.

ORDER OF DISMISSAL

THIS CAUSE comes before the Court upon the interlocutory appeal filed with this Court on July 3, 1989, from two orders of the bankruptcy court 1) order confirming rejection of lease and 2) order denying motion under Rule 7052(b) to amend or make additional findings of fact, motion under Rule 9023 to alter or amend the judgment and motion for clarification pursuant to the bankruptcy court's memorandum order. The bankruptcy court's memorandum order confirmed the rejection of the subject lease, but the bankruptcy court did not take direct action to enforce the lessors' rights. Instead, the lessors were directed to seek appropriate remedies in the state court.

*Leave to Appeal*

 Certification by the bankruptcy judge is not required for an interlocutory appeal to a district court. *In re Bertoli,* 812 F.2d 136, 139 (3d Cir.1987); *In re Warner, Inc.,* 94 B.R. 734, 738 (Bkrtcy.M.D.Fla. 1988). 28 U.S.C. § 158(a) provides that a district court may, at its discretion, entertain interlocutory appeals from bankruptcy proceedings. Therefore, federal courts have the discretion to entertain interlocutory appeals, as well as appeals as of right of final orders from bankruptcy courts. *In re Looney,* 823 F.2d 788 (4th Cir.), *cert. denied* 484 U.S. 977, 108 S.Ct. 488, 98 L.Ed.2d 486 (1987).

 Whenever the clerk of the bankruptcy court does not enter final judgment in a case, "it [is] logical for appellant to assume that he must appeal on an interlocutory basis ... Interlocutory appeals, however,

may only be taken to the district court with the leave of the district court." *In re Campbell,* 48 B.R. 820, 822 (D.C.Colo. 1985). Bankruptcy Rule 8003, 11 U.S.C., provides that where an interlocutory appeal is sought:

> [a] motion for leave to appeal under 28 U.S.C. § 1334(b) or § 1482(b) shall contain: (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and of the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment, order, or decree complained of, and of any opinion or memorandum relating thereto.

.   .   .   .   .   .

If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court or the appellate panel may also deny leave to appeal but in so doing shall consider the notice to appeal as a motion for leave to appeal.

It is apparent from the above, that even if this Court considers the notice of appeal as a motion for leave of appeal, the appellant has not provided this Court with any of the necessary information required by Rule 8003(a). This Court therefore would deny leave to appeal and remand this case back to the bankruptcy court.

*Mootness*

█ In this case, such remand is not necessary. A bankruptcy court's dismissal of the entire adversary proceedings renders any interlocutory appeals moot and a district court therefore must dismiss those appeals. *In re Caribbean Tubular Corp.,* 813 F.2d 533 (1st Cir.1987). The interlocutory appeal pending before this Court was filed on June 27, 1989, and entered by the Clerk of the Court on July 3, 1989; however, the bankruptcy court previously entered an order, dated March 9, 1989, dismissing the entire appeal with prejudice for one year. No appeal from the dismissal of the bankruptcy action was taken. There-

fore, this appeal is moot and must be dismissed. Accordingly, it is hereby

ORDERED AND ADJUDGED that this appeal is declared MOOT and is hereby DISMISSED.

DONE AND ORDERED.