In re NUCOR, INC., Debtor.

**WHIRLPOOL LEASING SERVICES, INC., Plaintiff,**

v.

**NUCOR, INC., et al., Defendants.**

Civ. A. No. 90–K–297.
Bankruptcy No. 88–B–3957–A.
Adv. No. 89–A–700.

United States District Court,
D. Colorado.

June 27, 1990.

Bradley P. Pollock, Bell & Pollock, Littleton, Colo., for Nucor.

Jeremiah Barry, Delap & Barry, Denver, Colo., for Deutsche.

Joseph Rosania, Denver, Colo., Trustee for Nucor.

Joanne Speirs, Denver, Colo., U.S. Trustee.

Robert J. McCormick, Hall & Evans, Denver, Colo., for Western Surety.

James C. Pearson, Diane Pearson, Englewood, Colo., pro se.

David S. Power, Hale, Smith & Williams, Ft. Collins, Colo., for Schwarzwald Drugs.

D. Wayne Stewart, Englewood, Colo., for Wm. & Dorothy Helms.

ORDER DENYING MOTION FOR
LEAVE TO APPEAL

KANE, Senior District Judge.

This matter is before me on Nucor, Inc.'s motion for leave to appeal, filed by the law firm of Bell & Pollock, P.C. For the following reasons, the motion is denied.

The motion requests leave to appeal the bankruptcy court's February 6, 1990 order clarifying issues relating to Nucor, Inc.'s right to a jury trial in certain adversary actions removed from state court to the bankruptcy court. In that order, the bankruptcy court ruled that the debtor did not lose its right to a jury trial simply because the actions were removed to bankruptcy court after the granting of the involuntary petition. The court held, however, that the debtor had "purposely, deliberately and consciously refrained from seeking a remand to state court where that jury right could unquestionably be exercised and a jury trial conducted or withdrawal to the U.S. District Court," Order at 9, despite the court's setting a specific time frame for the debtor to do so if it desired.

These circumstances do not justify interlocutory appeal. Leave to appeal a non-final order of the bankruptcy court is proper when (1) the order involves a controlling question of law, (2) over which there is substantial ground for difference of opinion, and (3) the resolution of which will materially advance the ultimate termination of the litigation. *First Interstate Bank v. Werth*, 58 B.R. 146, 148 (D.Colo. 1986). Here, the bankruptcy court's ruling that Nucor, Inc. had waived its right to jury trial because it had not made the appropriate motion within the timetable set by the court is not a controlling question of law, nor is there a substantial basis for disagreement. Granting leave to appeal will certainly not materially advance the ultimate termination of this litigation.

Moreover, Bell & Pollock, P.C.'s arguments that the bankruptcy court's ruling prejudices Mr. and Mrs. Pearson, the principal shareholders of Nucor, Inc. and parties to the adversary actions, are entirely improper. This court takes judicial notice of statements made by Bell & Pollock, P.C., and Bradley P. Pollock in related appeals that the firm had withdrawn from further representation of the Pearsons and the pre-bankruptcy entity of Nucor, Inc. Pursuant to its appointment under § 327(e) of the Bankruptcy Code, Bell & Pollock, P.C. represents the trustee on behalf of the estate in this matter. The fact that the trustee declined to file a motion for removal to state court or withdrawal to federal district court indicates that this motion does not reflect the interests of the trustee or the estate.

Accordingly, the motion for leave to appeal is DENIED.