**In re Forrest Doyal PETERSON and Sharon Jean Peterson, Debtors.**

**Harold Max RICHMOND, Maxine Richmond, George H. Richmond, and Steve H. Richmond, Plaintiffs,**

v.

**Forrest Doyal PETERSON and Sharon Jean Peterson, Defendants.**

**Civ. A. No. 81–Z–365.**

**Bankruptcy No. 80 Mc 1984.**

United States District Court, D. Colorado.

July 29, 1981.

Robert J. Todd, Burlington, Iowa, E. Ricardo Gonzales, C de Baca & Gonzales, Denver, Colo., for plaintiffs.

John M. Franks, Denver, Colo., for defendants.

## ORDER DISMISSING APPEAL

WEINSHIENK, District Judge.

The appellant, Forrest Doyal Peterson,[1] appeals to this Court and moves to stay the proceedings in the Bankruptcy Court pending this appeal. After reviewing the appellant's designated Record on Appeal, his motion for a stay, appellees' Resistance to the motion, the relevant statutory provisions[2]

---

1. Although the caption of this case on the Record on Appeal Volume I indicates two debtors/defendants, the Notice of Appeal in United States Bankruptcy Court No. 80 Mc 1984 ·shows that only Forrest Doyal Peterson brings this appeal.

2. As a preliminary matter the Court observes that bankruptcy appeals are complicated at the present time because bankruptcy law and procedure are in a state of transition. Even the commentators appear to be uncertain as to the appropriate procedures to be utilized. Appeals "may be governed, at least for the time being, by Part VIII of the Bankruptcy Rules or by Part

and case law, the Court is fully advised and prepared to rule.

The appellant's basic argument is that the Bankruptcy Court erred in deciding to entertain a complaint filed three days after an order of discharge was entered in the case. The Record on Appeal indicates that Judge John F. McGrath found that the complaint was timely filed but that it was not properly marked due to a mistake made by the Clerk of the Bankruptcy Court. He further found that the discharge was also a clerical error since it was entered subsequent to the filing of the complaint.

Through his Record on Appeal the appellant challenges: (1) the standing of the plaintiffs to complain of the discharge of the debtor; (2) the decision of the Bankruptcy Court to hear the plaintiffs' allegedly untimely filed complaint; (3) the jurisdiction of the Bankruptcy Court to hear the complaint after the entry of discharge; and (4) the alleged error of the court below in entertaining a complaint which failed to state a claim for relief under 11 U.S.C. § 727.

Pursuant to the Suggested Interim Bankruptcy Rules (S.I.B.R.), parties seeking leave to appeal interlocutory orders, as in the instant case, shall file an application for leave to appeal. S.I.B.R. 8004(a). However, the failure to apply for leave to appeal is not fatal because a timely filed "notice of appeal shall be deemed a timely and proper application for leave to appeal." S.I.B.R. 8004(d). The application procedure was established to comport with the new statutory requirements which grant appellate jurisdiction to the district court "but only by leave" of the court to which the appeal is taken. 28 U.S.C. § 1334(b).[3]

In considering whether leave to appeal should be granted, this Court has evaluated the designated Record on Appeal in light of the guidelines provided by S.I.B.R. 8004(b). Furthermore, this Court recognizes that the new legislative provisions for bankruptcy appeals support the policy of finality.[4]

Judge McGrath's ruling of February 9, 1981, denying a motion to enter a final order, was consistent with his previous order of January 19, 1981, denying the defendants' Motion to Dismiss and/or Strike Complaint Objecting to Discharge. In that order, he outlined the problem and presented a reasonable solution:

The last date to file [a complaint objecting to discharge] was set as September 16, 1980. The records plainly show that the complaint was filed in this office on that date, but was not so marked due to a mistake made by the Clerk of this Court. . . .

The discharge entered in this case, subsequent to the filing of the complaint, was another clerical error. The only reason that the discharge has not been vacated is that if the objections to discharge contained in the Plaintiff's complaint are not sustained, then the discharge will remain in full force and effect. However, if the objections to discharge are sustained, then the Court will correct the clerical mistake and vacate the discharge heretofore entered. This clerical mistake does not constitute a barrier to the hearing on the complaint.

■ This Court, sitting as an appellate court, is bound by the bankruptcy judge's

---

VIII of the Suggested Interim Bankruptcy Rules . . . ." 1 *Collier on Bankruptcy*, ¶ 3.03[1][b][ii] (15th ed. 1980).

**3.** Although § 1334 formally will not be effective until April 1, 1984, the new legislation provided a transition period commencing on October 1, 1979, and ending on March 31, 1984, during which time the jurisdictional requirements of the section, as amended, are to be followed. Pub.L. 95–598, Title IV, § 405(c)(2), Nov. 6, 1978, 92 Stat. 2686 (note preceding 28 U.S.C. § 1471).

**4.** See generally the discussion in 1 *Collier* at ¶ 3.03[7][d][ii]. The finality of an order is an important concept in bankruptcy law. Under the old Act, distinctions were drawn between "proceedings in bankruptcy" and "controversies in proceedings in bankruptcy" with interlocutory orders appealable in the "proceedings" category but not in the "controversies" category, with some exceptions. In the case at bar, it is not necessary for this Court to inquire into which class the dispute in question falls.

findings of fact unless they are clearly erroneous.[5] Appellant urges this Court to enforce a discharge which was entered by mistake. He argues that Fed.R.Civ.P. 60 does not permit the Bankruptcy Court to cure clerical errors after an entry of discharge pursuant to 11 U.S.C. § 524(a)(2). These arguments have no merit. Appellant in this case has the burden of showing this Court why leave to appeal from an interlocutory order should be granted. See S.I.B.R. 8004(b). He has not met this burden and, therefore, leave to bring this appeal is denied.

The denial of leave to appeal makes moot the motion for a stay. In conclusion, it is

ORDERED that leave to appeal is denied and that this appeal is hereby dismissed.

---

**5.** See Bankruptcy Rules 752(a) and 810; *In Re Pittman*, 8 B.R. 299, 301 (D.C.D.Colo.1981); *In the Matter of Pritchard & Baird, Inc.*, 8 B.R. 265, 268 (D.C.D.N.J.1980).