**In re AUTO WEST, INC., a Utah corporation; and Jones Motor Company and Auto West Leasing and Daily Rental Car Company, wholly-owned subsidiaries, Debtors.**

**Civ. No. C–84–0177W.**

United States District Court,
D. Utah, C.D.

Oct. 4, 1984.

James L. Wilde, Craig Carlile, Provo, Utah, for First Security Bank.

William G. Fowler, Joel R. Dangerfield, Salt Lake City, Utah, for debtors.

MEMORANDUM DECISION
AND ORDER

WINDER, District Judge.

This is an appeal from an interlocutory order of the bankruptcy court for this dis-

trict authorizing the employment of special counsel to represent the debtor in a state court proceeding. The court granted leave to appeal pursuant to Bankruptcy Rule 8003. The matter was argued orally before the court on September 18, 1984, Joel R. Dangerfield appearing for the debtors and James L. Wilde and Craig Carlile appearing for First Security Bank of Utah, N.A. ("First Security"), a secured creditor of the debtors. After considering the arguments of counsel, the briefs and record on appeal, and various pertinent authorities, the court renders the following decision and order.

## I. BACKGROUND

The debtors in this bankruptcy action filed a petition for relief under chapter 11 of the Bankruptcy Code (hereinafter referred to as the "Code") on August 24, 1981. The debtors' plan of reorganization was confirmed by the bankruptcy court on August 3, 1983 after several modifications.

On November 4, 1983, debtors petitioned the bankruptcy court for permission to employ special counsel to represent the debtors in pursuing a claim against First Security in existing litigation in Utah state district court entitled *First Security Bank v. Utah Land and Cattle, et al*, Civ. No. 9299 (5th Dist.Ct., Iron Co., Utah). The debtors' claim against First Security, however, was not listed on the debtors' bankruptcy schedules or disclosure statements and was not treated in the reorganization plan.

First Security objected to the employment of special counsel arguing that because the claim against First Security was not disclosed or treated in the reorganization plan, the claim is barred by the doc-

trine of res judicata, or under theories of estoppel and waiver. The bankruptcy court denied First Security's objection and entered an order authorizing employment of special counsel to pursue the claim against First Security. The bankruptcy court further ordered that First Security could litigate the issues of res judicata estoppel, waiver or any other defense in the state court proceeding.

## II. DISCUSSION

Initially, debtors have raised the question of whether First Security has the requisite standing to challenge the approval of employment of counsel in this appeal. First Security contends that debtors have waived any standing objections, and that it has standing under any test applied. The court agrees with debtors that there may be a question concerning First Security's standing;[1] however, the appeal is without merit in any event and the order authorizing the employment of special counsel must be affirmed.

 Section 327 of the Bankruptcy Code provides that with court approval, the trustee "may employ one or more attorneys that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee." 11 U.S.C. § 327(a).[2] Further, in authorizing the employment of an attorney to represent the estate, the bankruptcy court must be satisfied that the employment would be "in the best interests of the estate." *Id.* § 327(e).

First Security has never questioned the bankruptcy court's authority to authorize the employment of counsel or the qualifications of the counsel selected by the debt-

---

**1.** There is no provision in the Bankruptcy Code concerning the standard for standing to appeal. Several courts have adopted the pre-code "aggrieved person" standard, *see, e.g., Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 443 (9th Cir.1983); *Norway National Bank v. Goodwin's Discount Furniture, Inc. (In re Goodwin's Discount Furniture)*, 16 B.R. 885, 888 (Bankr. 1st Cir.1982), a course advocated by a leading commentator, *see* 1 L. King, *Collier on Bankruptcy* ¶ 3.03[6][b], at 3–288 (1984). The court agrees with debtors that the "person aggreived" stan-

dard is applicable. The interpretation of that standard urged by the debtors in this appeal, however, is much too restrictive.

**2.** A debtor in possession, as in this case, has the same powers and duties as a trustee in the administration of the estate including the employment of attorneys. *See* 11 U.S.C. § 1107; *Fenelli v. Hensley (In re Triangle, Inc.)*, 697 F.2d 1280, 1283–84 (5th Cir.1983).

ors. First Security contends that it is not in the best interests of the estate to authorize the employment of counsel to pursue an action that is barred by the doctrine of res judicata or under principles of estoppel or waiver. Thus, the narrow question presented by this appeal is whether the debtors' confirmed plan of reorganization bars the employment of special counsel to pursue an undisclosed chose in action against a creditor that was not treated or mentioned in the confirmed plan.

As accurately stated by First Security, there is considerable authority for the proposition that the confirmation of a plan of reorganization is binding on all parties to the plan and all questions that could have been raised pertaining to the plan are res judicata. *See id.* § 1141(a); 5 L. King, *Collier on Bankruptcy* ¶ 1141.01, at 1141–5 (15th ed. 1983); *see also Miller v. Meinhard Commercial Corp.*, 462 F.2d 358, 360 (5th Cir.1972); *O'Malley v. Union League Club of Chicago (In re Union League Club of Chicago)*, 203 F.2d 381, 386 (7th Cir.1953). That general principle, however, is certainly not dispositive of the issue presented here.

Confirmation of a Chapter 11 plan has three effects. First, section 1141(a) provides that the debtor issuing securities or acquiring property under the plan and any creditor or equity security holder or general partner in the debtor are bound by the provisions of the plan. 11 U.S.C. § 1141(a). Second, section 1141(b) and (c) provides that except as may be otherwise provided in the plan or the order confirming the plan, confirmation vests all property of the estate in the debtor and property dealt with by the plan is free and clear of all claims and interests of creditors, equity security holders, and general partners. *Id.* § 1141(b), (c). Finally, confirmation of the plan discharges the debtor from all claims arising prior to the date of confirmation

subject to certain exceptions. *Id.* § 1141(d).[3]

There is nothing in section 1141 or the legislative history that indicates that confirmation of a plan was to have the additional effect of barring the trustee or debtor in possession from pursuing undisclosed assets of the estate. Indeed, a review of other Code provisions indicates a contrary intent.

Section 541 provides that upon the filing of a petition an estate is created, which is comprised of all the debtor's property. *Id.* § 541(a). The property included in the estate is broadly defined and includes choses in action such as the one at issue in this case. *See* S.Rep. No. 989, 95th Cong., 2d Sess., 82, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5868; H.R.Rep. No. 595, 95th Cong., 1st Sess. 367–68 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5963, 6323–24.

The Code provides the exclusive means by which a trustee or debtor in possession may dispose of property of the estate. In the case of a debtor proceeding under chapter 11, property of the estate may be disposed of only in two ways. First, property of the estate may be removed from the estate by the plan of reorganization. Section 1141(c) provides:

> After confirmation of a plan, *the property dealt with by the plan* is free and clear of all claims and interests of creditors, of equity security holders, and of general partners in the debtor, except as otherwise provided in the plan or the order confirming the plan.

11 U.S.C. § 1141(c) (emphasis added). The emphasized language indicates, however, that all property of the estate need not be dealt with by the plan. That construction is confirmed by section 1123, which sets forth the items to be included in a reorganization plan. Section 1123(b) states that a plan *may*, among other items,

---

3. For an analysis of section 1141 and the exceptions under subsection (d), see 5 L. King, *Collier on Bankruptcy* ¶ 1141.01 (15th ed. 1983). *See also* Hooper, *Confirmation of a Plan Under Chapter 11 of the Bankruptcy Code and the Effect of Confirmation on Creditors' Rights*, 15 Ind.L.Rev. 501 (1982); Kennedy, *Secured Creditors Under the Bankruptcy Reform Act,* 15 Ind.L. Rev. 477 (1982).

(3) provide for—

 (A) the settlement or adjustment of any claim or interest belonging to the debtor or to the estate; or

 (B) the retention and enforcement by the debtor, by the trustee, or by a representative of the estate appointed for such purpose, of any such claim or interest;

 . . . .

*Id.* § 1123(b)(3)(A) & (B). In contrast to the mandatory language of section 1123(a), the inclusion of matters listed in subsection (b) such as the treatment of a claim or interest of the estate in the plan is purely permissive.

 ■ Second, property of the estate may be removed from the estate by abandonment. Section 554 provides that the trustee may abandon property that is burdensome or of inconsequential value and further that property which is scheduled and not administered before a case is closed is deemed abandoned. *Id.* § 554(a)–(c). Unless the bankruptcy court orders otherwise, all property of the estate that is not expressly abandoned or administered remains property of the estate. *Id.* § 554(d). Thus unlisted assets are not deemed abandoned. Moreover, courts that have considered how unlisted assets are to be pursued after confirmation of a reorganization plan have concluded that when a bankrupt fails to list an asset there can be no abandonment. *See, e.g., Stein v. United Artists Corp.,* 691 F.2d 885, 891 (9th Cir.1982); *Management Investors v. United Mine Workers of America,* 610 F.2d 384, 392 (6th Cir.1979).

 ■ Given the express statutory scheme for removing property from a debtors' estate, application of res judicata, estoppel or waiver in this case would be improper. Moreover, the extinguishment of unscheduled assets is inconsistent with the policy of the Code. Property of the estate is administered by a trustee or debtor in possession for the benefit of *all* creditors. The debtors in this case, as debtors in possession, hold the title and powers of trustee, subject to the control of the bank-

ruptcy court. 11 U.S.C. § 1107. The debtor in possession is strictly supervised by the bankruptcy court, and its actions, including abandonment or waiver of a chose in action, must be approved. To permit otherwise might be an inducement for a debtor in possession to fail to schedule claims, which might then revert to the debtor's ownership. *See Stein v. United Artists Corp.,* 691 F.2d 885, 892 (9th Cir. 1982). Further, waiver of a chose in action that could benefit all creditors to the detriment of one creditor, is inconsistent with the fiduciary obligation of the debtor in possession.

 Finally, First Security contends that it is unfair to permit a debtor to be protected from suits by a creditor after confirmation, but then to allow the debtor to sue the creditor on an undisclosed claim. Such a result, First Security argues, would encourage future debtors to fail to list claims against unsuspecting creditors in an effort to lure them into voting in favor of a plan of reorganization. This line of argument, however, fails to recognize the protections provided by the Code. Section 1144 permits the bankruptcy court to revoke an order of confirmation procured by fraud upon application of a party in interest within 180 days after the confirmation order. 11 U.S.C. § 1144.

### III. CONCLUSION

 The court concludes that the bankruptcy court's approval of the employment of counsel was in the best interests of the estate. The reorganization plan expressly provides for the bankruptcy court's continuing jurisdiction of all property of the estate to enable proper distribution of any proceeds resulting from the claim against First Security. The portion of the bankruptcy court's order permitting First Security to assert the defenses of res judicata, estoppel, waiver or similar defenses is inconsistent with this decision and must be reversed.

 For the reasons set forth herein, IT IS HEREBY ORDERED that the order of the bankruptcy court is AFFIRMED in part to

the extent that it authorizes employment of special counsel and REVERSED in part to the extent that it permits the assertion of defenses in the state court proceeding which are inconsistent with this decision.