**In re Wayne J. KLEIN Debtor.**

**No. 87 C 577.**

United States District Court,
N.D. Illinois, E.D.

Feb. 18, 1987.

Donald L. Johnson, William S. Shapiro, Johnson & Schwartz, Chicago, Ill., for Wayne J. Klein.

Donald L. Mrozek, Donald E. Johnson, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for USF & G.

John Ward, Antonow & Fink, Chicago, Ill., for Harris Bank & Trust.

George A. Joseph, Kirkland & Ellis, Chicago, Ill., for Continental Bank.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

This action involves an interlocutory appeal of two issues raised in the individual bankruptcy of Wayne J. Klein. Presently pending before the Court is Wayne J. Klein's motion for leave to appeal, filed pursuant to Bankruptcy Rules 8001 and 8003. For the reasons noted below, leave to appeal is denied.

### PROCEDURAL HISTORY

Wayne J. Klein is President of Klein Construction Company ("KCC"). On August 20, 1986, KCC filed an action for relief pursuant to Chapter 11 of the Bankruptcy Code. *In re Klein Construction Company,* case no. 86 B 12879, United States Bankruptcy Court for the Northern District of Illinois. The law firms of Cooper & Cooper and Johnson & Schwartz represented KCC as debtor in possession and Wayne J. Klein remained responsible for the day-to-day management of KCC.

On December 2, USF & G, one of KCC's creditors, moved for the appointment of a trustee in the KCC proceedings. Although finding the motion warranted pursuant to 11 U.S.C. § 1104, Judge DeWitt continued the motion for a day to allow KCC the option of voluntarily converting the Chapter 11 proceeding to a Chapter 7 liquidation.

The following day, December 3, 1986, auditors for USF & G apparently witnessed the removal of documents and other records from KCC's offices. On the basis of that information, Judge DeWitt issued a temporary restraining order restraining KCC and its employees from removing any records and ordering the retrieval of any records already removed. Later that afternoon, the order was expanded to include furniture and other assets as well as records. The court also set a hearing for December 22, 1986, on a rule to show cause why KCC, Wayne Klein and two other individuals should not be held in contempt of court for violating the TRO entered earlier that day. When the hearing on the rule to show cause was called on December 22, Mr. Donald L. Johnson of Johnson & Schwartz indicated that Mr. Klein as an individual was being represented by other counsel because Mr. Johnson determined that his representation of both KCC and Mr. Klein personally would present a conflict.

At the hearing on the motion to show cause, counsel for USF & G revealed that his client, Continental Bank, and Harris Trust had filed on December 19, 1986, an involuntary petition in bankruptcy against Wayne Klein personally. The action, case no. 86 B 19937, had been assigned to Judge DeWitt's calendar as a related case. The

three creditors moved on an emergency basis for the appointment of an interim trustee to protect the estate of the debtor from dissipation. Judge DeWitt denied the motion without prejudice to allow Mr. Klein the opportunity to obtain an attorney and prepare a response to the motion. The written response was due December 29 and a hearing was set for December 30.

On December 30, Mr. William S. Shapiro, of Johnson & Schwartz, attempted to appear on behalf of Wayne Klein on the motion for appointment of an interim trustee. Counsel for the creditors immediately objected to Mr. Shapiro's representation of Mr. Klein, noting that on December 22 Mr. Johnson, of the same firm, had indicated that he believed he could not represent both Mr. Klein and KCC. Mr. Shapiro then indicated that, although he was representing Mr. Klein at the hearing, he wished to obtain a continuance in order that Mr. Klein could obtain other counsel.

Judge DeWitt refused to allow Mr. Shapiro or the firm of Johnson & Schwartz to appear on behalf of Mr. Klein and entered an order to that effect. The Judge then refused to continue the hearing to allow Mr. Klein time to obtain other counsel and ordered the appointment of an interim trustee. It is these two orders that are the subject of the appeal now before this Court, case no. 87 C 477.

## DISCUSSION

This appeal is taken pursuant to 28 U.S.C. § 158(a), which grants district courts jurisdiction to accept, at their discretion, interlocutory appeals from the bankruptcy court. Although the statute does not indicate the standard under which district courts should determine whether to grant leave to hear an interlocutory appeal, the majority of courts construing the provision have adopted the standards set forth under 28 U.S.C. § 1292(b), which authorizes interlocutory appeals from district courts

to courts of appeals. *See, e.g., Matter of Bertoli*, 58 B.R. 992, 995 (D.N.J.1986); *In re Hunt International Resources Corporation*, 57 B.R. 371, 372 (N.D.Tex.1985); *In re Hebb*, 53 B.R. 1003, 1006 (D.Md.1985), 1 *Collier on Bankruptcy* ¶ 3.03(d)(i) (15th ed. 1986). Section 1292(b) authorizes interlocutory appeals when (1) an order involves a controlling question of law as to which there is substantial ground for difference of opinion and (2) an immediate appeal may materially advance the ultimate termination of the litigation.

■ Mr. Klein's appeal from Judge DeWitt's refusal to allow Johnson & Schwartz to represent him in his individual bankruptcy cannot meet this standard. The issue involved is factual; *i.e.*, whether a conflict which requires disqualification is actually present. Moreover, regardless of whether this Court upheld the disqualification or reversed it, the bankruptcy case itself would continue.[1]

■ Similarly, Mr. Klein's appeal of the appointment of an interim trustee cannot meet the strictures of section 1292(b). No issue is presented concerning Judge DeWitt's power to appoint an interim trustee or the legal standards under the Code concerning appointment. *See*, 11 U.S.C. § 303(g). Instead, this Court would be asked to review Judge DeWitt's determination that, under the factual circumstances of this action, appointment of the interim trustee at the December 30th hearing was justified. Moreover, affirmation or reversal of the appointment of the interim trustee would not hasten the end of the underlying bankruptcy proceeding.

## CONCLUSION

For the reasons noted above, Mr. Klein's motion for leave to appeal is denied. Mr. Klein's motions to consolidate and for a stay are denied as moot.

---

1. A commentator has noted that some courts have adopted the collateral order doctrine rather than section 1292(b) as the standard for determining whether an interlocutory appeal under section 158(a) should be accepted by a district court. *See*, 1 *Collier on Bankruptcy*,

¶ 3.03(d)(i) (15th ed. 1986). Even under this standard, Mr. Klein's appeal of Judge DeWitt's refusal to allow Johnson & Schwartz to appear could not be accepted. *See, Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 105 S.Ct. 2757, 2766, 86 L.Ed.2d 340 (1985).