**In re Dennis TURNER, Jr.,**
**Debtor–Appellant.**

**Bankruptcy No. A86–08209–HR.**
**Civ. A. No. 1:88–CV–109–RHH.**

United States District Court,
N.D. Georgia,
Atlanta Division.

May 9, 1988.

Jay E. Loeb, Gershon Olim Katz & Loeb, Atlanta, Ga., for debtor-appellant.

## ORDER

ROBERT H. HALL, District Judge.

Appellant seeks review of two bankruptcy court orders denying his application for approval of employment of counsel for a special purpose pursuant to 11 U.S.C. § 327(e). By order dated April 20, 1987, Bankruptcy Judge Robinson denied appellant's application for approval of employment of an attorney for purposes of representing him in a state court medical malpractice action in which he was the defendant. The bankruptcy judge held that "the state-court matter is personal to the debtor and creditors of the Chapter 11 estate should not be expected to fund its costs." *In re Dennis Turner, Jr.,* —— B.R. ——, No. A86–08209–HR (Bktcy.N.D.Ga. April 20, 1987). Appellant moved for reconsideration of the April 20 order and, after conducting a hearing on the issue, Judge Robinson denied the motion for reconsideration. Order dated September 4, 1987. For the reasons stated below, this court denies appellant's motion for leave to file this appeal.

## FACTS

Appellant is a physician who filed a voluntary Chapter 11 petition in the United States Bankruptcy Court in Atlanta, Georgia on November 3, 1986. At the time appellant filed for relief under Chapter 11, the IRS had his accounts under levy, an automobile dealership had repossessed one of his automobiles, his residence was being advertised for non-judicial foreclosure sale and he was a defendant in two pending state court medical malpractice lawsuits. On November 19, 1986, the plaintiff in one of the medical malpractice actions, James Daniels, filed a motion with the bankruptcy court for relief from the automatic stay in order to continue his negligence suit against appellant. The bankruptcy court granted that motion on December 31, 1986. On January 5, 1987, James Daniels filed in the bankruptcy court a proof of a claim as an unsecured creditor to the extent of "$100,000 plus [for] medical malpractice."

The *Daniels* medical malpractice case was specially set for trial in the state court for April 13, 1987. On April 1, 1987, pursuant to 11 U.S.C. § 327(e), appellant applied with the bankruptcy court for approval of employment of an attorney to represent him in the *Daniels* action. In support of his application, appellant argued that the counsel representing him in the Chapter 11 proceedings lacked expertise in negligence suits whereas the attorney he sought to hire was experienced in defending medical malpractice actions. Appellant also argued that a benefit would inure to the Estate as a result of employment of a medical malpractice attorney because, if the suit were successfully defended against, Daniels' $100,000 claim against the Estate would be proven to be without merit. Finally, appellant informed the bankruptcy court that the malpractice attorney did not hold any interest adverse to the Estate or to appellant other than unpaid legal fees.

Although the bankruptcy judge had not yet ruled on appellant's application to employ special counsel when the *Daniels* trial began on April 13, 1987, appellant hired an attorney to represent him in the malpractice action. Throughout the *Daniels* trial which lasted a week, the special counsel presented appellant's defense. After a verdict was rendered in favor of appellant, the bankruptcy judge entered his order denying appellant's application for special counsel to defend the action. Appellant moved the bankruptcy court to reconsider its denial of his application, repeating his earlier reasons for seeking an attorney for a special purpose. The bankruptcy court denied the motion for reconsideration after holding a hearing on the motion. Appellant contends that the bankruptcy court erred in determining that the services performed by the attorney in the malpractice action were personal rather than a benefit to the Estate. He further states that the bankruptcy court abused its discretion in denying appellant's application for special counsel after the counsel performed the legal services.

## DISCUSSION

In his "Statement of Appellate Jurisdiction", appellant contends that the bank-

**912**

ruptcy court's orders denying his application for approval to employ special counsel are final orders and that this court's jurisdiction rests on 28 U.S.C. § 158(a). This court disagrees with appellant's characterization of the bankruptcy court's orders as final, appealable orders. A final order is one which "leaves nothing to be done except the mechanical entry of judgment by the trial court." *In re Tidewater Group, Inc.,* 22 B.R. 500, 504 (N.D.Ga.1982) (Hall, J.). If an order does not finally determine the action and only pertains to an intervening matter, it is considered interlocutory.

In the instant case, the bankruptcy court's orders from which appellant appeals pertain only to the issue of whether the counsel hired by appellant to defend the state court malpractice action can be compensated by the Estate pursuant to 11 U.S.C. §§ 327, 330 and 331. The orders do not "end the litigation, [do] not decide the merits, ... settle[ ] no liability, and establish[ ] no damages." *Id. Cf., In re Doyle–Lunstra Sales Corp.,* 19 B.R. 1003, 1004 (D.S.D.1982) (appeals of interim compensation awards granted pursuant to 11 U.S.C. §§ 330, 331 are interlocutory); *Kendall v. Reid,* 411 F.2d 609 (5th Cir.1969) (order denying motion of trustee in bankruptcy to represent himself not a final determination). Therefore, the orders at issue in this appeal are interlocutory rather than final.

This court has jurisdiction to entertain bankruptcy appeals pursuant to 28 U.S.C. § 1334. Subsection (a) of that section grants district courts jurisdiction over appeals "from all final judgments, orders, and decrees of bankruptcy courts." Even if an order of the bankruptcy court is not final, however, subsection (b) of § 1334 provides that district courts "shall have jurisdiction of appeals from interlocutory orders and decrees of bankruptcy courts, but only by leave of the district court to which the appeal was taken." Thus, because appellant appeals two interlocutory orders of the bankruptcy court, this court

may entertain jurisdiction only pursuant to 28 U.S.C. § 1334(b).[1]

In determining whether to grant an appellant's motion for leave to appeal an interlocutory bankruptcy order, Collier suggests the district courts look to 28 U.S.C. § 1292(b) and cases analyzing it for guidance as an analogue. 1 Collier on Bankruptcy ¶¶ 3–303, 3–307 (15th ed. 1982). At least one court of appeals has held that interim compensation awards authorized pursuant to 11 U.S.C. §§ 330 and 331 are interlocutory and that the court of appeals is without jurisdiction to hear an appeal from the bankruptcy order. *In re Callister [Callister v. Ingersoll–Rand Financial Corporation],* 673 F.2d 305, 307 (10th Cir. 1982). The former Fifth Circuit similarly held that a bankruptcy court's denial of a trustee's application for court approval to represent himself under 11 U.S.C. § 327 is not an appealable interlocutory order within the meaning of 28 U.S.C. § 1292. *Kendall v. Reid,* 411 F.2d 609 (5th Cir.1969).

In an analogous case this court, looking to § 1292 for guidance, concluded that a bankruptcy court's order refusing to confirm a settlement was interlocutory and not appealable pursuant to 28 U.S.C. § 1334(b). *In re Tidewater, supra,* 22 B.R. at 506. In that case this court noted "Unless there is a question as to whether the lower court applied the proper legal standards, cases appealing pre-trial issues committed to the discretion of the trial judge are generally weak candidates for interlocutory review." *Id.* The decisions whether to approve employment of a professional for a special purpose and to compensate that professional under 11 U.S.C. §§ 327, 330 and 331 are within the discretion of the bankruptcy court. Thus, appeals from orders denying such approval or compensation are "weak candidates" for review.

Appeals, such as the instant one, from a bankruptcy court's orders denying a debtor's application to hire a and compensate a

---

1. Although § 1334(b) provides that an appellant must receive leave of court in order for the district court to review an interlocutory order on appeal, the Local Bankruptcy Rules of this court provide that a timely notice of appeal shall be deemed a timely and proper application for leave to appeal. Therefore, this court construes appellant's timely notice of appeal to this court as an application for leave to appeal pursuant to § 1334(b).

professional for a special purpose do "not involve a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). In the instant case the bankruptcy judge conducted the correct inquiry and considered the correct issues under § 327—whether employment of the malpractice attorney was in the best interest of the Estate and whether the malpractice attorney held any interests adverse to the Estate. The bankruptcy court orders at issue in this case would not constitute appealable, interlocutory orders under § 1292(b). This court believes they are likewise not ripe for review under § 1334(b) in this court at this time. For these reasons, the court DENIES appellant's motion for leave to appeal and DISMISSES the appeal.