**In re NUCOR, INC., a Colorado corporation, Debtor.**

**DEUTSCHE CREDIT CORPORATION, Appellant,**

v.

**Joseph G. ROSANIA, as Trustee of Nucor, Inc., Appellee.**

**Civ. A. No. 89–K–1105.
Bankruptcy No. 88–B–3957–A.**

United States District Court,
D. Colorado.

Aug. 22, 1990.

Jeremiah Barry, Delap & Barry, Denver, Colo., for Deutsche.

Joseph Rosania, Denver, Colo., Trustee, for Nucor.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

In this appeal, the Deutsche Credit Corporation (DCC) contests a bankruptcy court order approving the appointment of Bell & Pollock, P.C. as special counsel under 11 U.S.C. § 327(e).[1] DCC argues that the firm's appointment was improper under this section because of serious conflicts of interest. Joseph G. Rosania, the trustee for the estate of Nucor, Inc., argues that the appeal should be dismissed because the court's ruling was not a final order and because interlocutory appeal is not warranted. I agree and dismiss this appeal for lack of jurisdiction and deny leave to appeal.

The facts of this appeal are uncontested. Nucor, Inc. was a retail truck dealership operated by James C. and Diane Pearson. The dealership was franchised by ITONA. DCC provided floor plan financing for the dealership. In December 1985, DCC filed a state court action against Nucor, Inc. and the Pearsons alleging that Nucor, Inc. had breached its agreements with DCC by failing to pay in full for DCC-financed trucks after they were sold. Nucor, Inc. and the Pearsons filed numerous counterclaims.

Bell & Pollock, P.C. represented Nucor, Inc. and the Pearsons in this action.

In 1986, ITONA terminated its franchise agreement with Nucor, Inc. Nucor, Inc. and Mr. Pearson commenced a state court action against ITONA, alleging wrongful termination of the franchise agreement and other claims. Bell & Pollock, P.C. was also counsel to Nucor, Inc. and its principals in this action. In December 1986, Nucor, Inc. ceased business operations.

In August 1988, DCC, ITONA, and other creditors succeeded in obtaining an order for relief, putting Nucor, Inc. into involuntary bankruptcy. Nucor, Inc., with Bell & Pollock, P.C. again representing it, appealed this order, the merits of which are the subject of Civil Action No. 88–K–1407 pending before me. Nucor, Inc. converted its bankruptcy to Chapter 11. On December 7, 1988, Rosania was appointed trustee to the estate.

On May 19, 1989, Rosania applied for court approval of the appointment of Bell & Pollock, P.C. as special counsel to represent the estate in the DCC and ITONA actions pursuant to § 327(e) of the Code. Nucor's interest in this litigation was the primary asset of the bankruptcy estate. DCC and ITONA both objected to the application, based on Bell & Pollock, P.C.'s alleged conflicts of interest. Despite these objections, the bankruptcy court approved the trustee's application. It found that Bell & Pollock, P.C.'s employment would be beneficial to the estate because of the firm's familiarity with the litigation. Further, since the firm agreed to waive any claim to pre-petition attorney's fees and to withdraw from further representation of Nucor, Inc. and the Pearsons, it saw no material conflict of interest. DCC now appeals this decision.

In any matter before it, the court must first determine whether it has jurisdiction. Under 28 U.S.C. § 158(a), the district court's appellate jurisdiction is limited to final orders of the bankruptcy court, unless leave to appeal an interlocutory order is

---

1. Although DCC is the only party listed as an appellant in the notice of appeal, Iveco Trucks of North America (ITONA) is also a creditor of Nucor, Inc. Although designated as an appellee, ITONA has filed a short brief in this appeal, adopting the arguments of DCC.

granted. Several courts have addressed whether an order approving the appointment of counsel under § 327 of the Bankruptcy Code is final. All have uniformly agreed that such an order is not a final order and that the district court has no jurisdiction to hear a direct appeal of such an order. *See, e.g., Foster Sec., Inc. v. Sandoz (In re Delta Servs. Indus.),* 782 F.2d 1267, 1272 (5th Cir.1986); *United States Trustee v. PHM Credit Corp. (In re PHM Credit Corp.),* 99 B.R. 762, 764–65 (E.D.Mich.1989); *In re Turner,* 85 B.R. 910, 912 (N.D.Ga.1988); *Committee of Asbestos–Related Litigants and/or Creditors v. Johns–Manville Corp. (In re Johns–Manville Corp.),* 32 B.R. 728, 731 (S.D.N.Y.1983); *cf. Bank of Am. Nat'l Trust & Sav. Ass'n v. Weil, Gotshall & Manges (In re Global Marine, Inc.),* 108 B.R. 1007, 1008 (S.D.Tex.1988) (appeal of order denying that firm had conflict of interest held interlocutory); *In re Rheam of Indiana, Inc.,* 111 B.R. 87, 92 (Bankr.E.D.Pa.1990) (noting that appeal of § 327 order is interlocutory).

Similarly, courts have held that § 327 orders do not come within the collateral order exception to the final judgment rule delineated in *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978). *See In re Delta Servs. Indus.,* 782 F.2d at 1272–73; *In re Johns–Manville Corp.,* 32 B.R. at 728. Nor are they the proper subject of an interlocutory appeal.

"Unless there is a question as to whether the lower court applied the proper legal standards, cases appealing pre-trial issues are committed to the discretion of the trial judge are generally weak candidates for review." The decisions whether to approve employment of a professional for a special purpose and to compensate that professional under 11 U.S.C. § 327, 330 and 331 are within the discretion of the bankruptcy court. Thus, appeals from orders denying such approval or compensation are "weak candidates" for review.

*In re Turner,* 85 B.R. at 912 (citation omitted). In the few cases in which leave to appeal has been granted, the issue has not been whether the court abused its discretion, but whether the court erred with respect to procedural or purely legal issues. *See In re Auto West, Inc.,* 43 B.R. 761, 763 (D.Utah 1984) (challenge to § 327 appointment of counsel to pursue an action potentially barred by res judicata); *In re Johns–Manville Corp.,* 32 B.R. at 732 (addressing requirement for discovery and evidentiary hearing on § 327 motion).

Although Bankruptcy Rule 8003(c) permits an improper direct appeal to be treated as a motion for leave to appeal, I decline to do so here. DCC's arguments are directed solely to the bankruptcy court's discretion in ruling that there was no conflict of interest to merit denial of the application for appointment of Bell & Pollock, P.C. as special counsel. Under the standards for granting a motion for leave to appeal, *see First Interstate Bank v. Werth,* 58 B.R. 146, 148 (D.Colo.1986), this matter does not involve a controlling issue of law over which there is substantial ground for a difference of opinion.

Accordingly, the appeal is DISMISSED for lack of jurisdiction.