In re BLINDER ROBINSON
& CO., INC., Debtor.

INTERCONTINENTAL ENTERPRISES, INC., Greg Gerganoff, Kalmon Glovin, Thomas Orrell, John Winston, Appellants,

v.

Glen E. KELLER, Jr., Trustee
for Blinder, Robinson &
Co., Inc., Appellee.

No. 91-K-983.

United States District Court,
D. Colorado.

Oct. 17, 1991.

Michael E. Katch, Dana M. Arvin, Katch, Wasserman & Jobin, Denver, Colo., Jay L. Gueck, Gueck & Mohoney, Dallas, Tex., for appellant Intercontinental Enterprises, Inc.

Kalmon Glovin, pro se.

John Fogerty Winston, pro se.

Thomas E. Orrell, pro se.

Gregory Z. Gerganoff, pro se.

William A. Bianco, Madison E. Bond, Davis, Graham & Stubbs, Denver, Colo., for debtor Blinder Robinson & Co., Inc.

Glen E. Keller, Jr., Englewood, Colo., Trustee for Liquidation of Blinder, Robinson & Co., Inc.

## ORDER GRANTING MOTION TO DISMISS APPEAL

KANE, District Judge.

This matter is before me on the motion by the trustee for the liquidation of Blinder, Robinson & Co. ("trustee") to dismiss this appeal for lack of jurisdiction. The trustee contends that (1) the appeal of the February 15, 1991 Disqualification Order ("Disqualification Order") by Intercontinen-

tal Enterprises, Inc. ("Intercontinental") was untimely, (2) that former Blinder Robinson attorneys Greg Gerganoff, Kalmon Glovin, Thomas Orrell, and John Winston (collectively, "former Blinder Robinson attorneys") lack standing to appeal the Disqualification Order, (3) that the Disqualification Order is not a final order subject to appeal, (4) that the Disqualification Order is not a collateral order otherwise appealable, (5) that interlocutory appeal is not justified, and (6) that the former Blinder Robinson attorneys' appeal of the May 28, 1991 order was rendered moot by the bankruptcy court's April 5, 1991 order.

### I. Facts.

On July 30, 1990, Blinder, Robinson & Co. ("Blinder Robinson") filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. On August 1, 1990, the Securities Investor Protection Corporation ("SIPC") filed a complaint in the District Court for the District of Colorado seeking a decree that the customers of Blinder Robinson were in need of protection under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa–78*lll*. The court granted SIPC's request, appointed Glen E. Keller, Jr. as trustee for the liquidation of Blinder Robinson, appointed the law firm of Davis, Graham, and Stubbs as counsel for the trustee, and removed the proceedings to the bankruptcy court for liquidation of Blinder Robinson under SIPA.

At the time the SIPA proceedings commenced, Blinder Robinson employed Greg Gerganoff, Kalmon Glovin, Thomas Orrell, and John Winston as in-house counsel. Upon commencing his duties, the trustee terminated the attorneys' employment with Blinder Robinson, and they subsequently became employed by Intercontinental. Intercontinental is the parent corporation of Blinder Robinson and one of its largest creditors. The attorneys subsequently entered appearances on behalf of Intercontinental in numerous matters adverse to the estate of Blinder Robinson.

On November 1, 1990, the trustee filed a motion seeking an order disqualifying the attorneys from representing Intercontinen-

tal in the SIPA proceedings. On February 15, 1991, the bankruptcy court granted the motion and entered the Disqualification Order 123 B.R. 900. The order prohibited the former Blinder Robinson attorneys from representing Intercontinental in the SIPA, and related, proceedings and prohibited them from disclosing any confidences, secrets, or work product acquired or created while employed by Blinder Robinson. On February 25, 1991, the attorneys, acting in their individual capacities, filed an application for intervention and a motion to amend the Disqualification Order. On March 7, 1991, Intercontinental filed a motion for a new trial or to alter or amend the Disqualification Order.

The Bankruptcy Court denied Intercontinental's motion on April 5, 1991. The motion to amend and application for intervention, filed by the former Blinder Robinson attorneys, was not ruled on until May 28, 1991. Both the motion to amend and the application to intervene were denied.

On June 5, 1991, Intercontinental filed a notice of appeal, seeking review of the Disqualification Order and the court's denial of Intercontinental's motion for a new trial. The former Blinder Robinson attorneys followed by filing a notice of appeal on June 6, 1991, seeking review of the Disqualification Order and the court's denial of the attorneys' application for intervention and motion to amend.

## II. *Merits.*

A. The Timeliness of Intercontinental's Appeal of the February 15, 1991 Order.

■ The trustee first argues that the notice of appeal filed by Intercontinental on June 6, 1991 was not timely. Bankruptcy Rule 8002 provides that a notice of appeal must be filed within ten days after the date of entry of the judgment, order, or decree appealed from. However, the rule further states:

If a timely motion is filed by any party: (1) for judgment notwithstanding the verdict under Rule 9015; (2) under Rule 7052(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the

motion is granted; (3) under Rule 9023 to alter or amend the judgment; or (4) under Rule 9023 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect; a new notice of appeal must be filed. No additional fees shall be required for such filing.

Bankr.R. 8002(b). A notice of appeal, not timely filed, constitutes a jurisdictional defect and mandates dismissal of the appeal. *See State Bank of Spring Hill v. Anderson (In re Bucyrus Grain Co.)*, 905 F.2d 1362, 1367 (10th Cir.1990).

The trustee contends that because Intercontinental's motion for a new trial or to amend the Disqualification Order was denied on April 5, 1991, Intercontinental's time for appealing that order expired on April 15, 1991. Thus, Intercontinental's notice of appeal, filed on June 6, 1991, is jurisdictionally defective and the appeal should be dismissed. The trustee also argues that the motion to amend, filed by the former Blinder Robinson attorneys, is irrelevant to the calculation of time for appeal. The trustee contends that the former Blinder Robinson attorneys could not file a motion for post-trial relief because they were not parties to the controversy.

Intercontinental and the former Blinder Robinson attorneys respond by asserting that the attorneys were parties to the controversy, and thus eligible to file one of the tolling motions noted in Bankruptcy Rule 8002(b), that their motion to intervene should have been granted, and that, regardless of whether or not they were parties to the controversy, the triggering event for their time to appeal was the court's ruling on the their motions.

Intercontinental and the former Blinder Robinson attorneys have the better argument. The trustee bases his argument on *Toronto–Dominion Bank v. Central National Bank & Trust Co.*, 753 F.2d 66 (8th Cir.1985), and the wording of Bankruptcy Rule 8002(b). *Toronto–Dominion* is factu-

ally distinct from this controversy. *Toronto–Dominion* involved a dispute between two banks over losses they suffered as a result of a check-kiting scheme. A third bank, also affected by the scheme, attempted to intervene in the litigation. After an appeal had been filed by one of the formal parties in the case, the court referred the matter for a settlement conference and specifically reserved ruling on the motion to intervene. After no settlement was reached, the case came before the court again on the previous appeal of one of the formal parties. The third bank filed a brief as a cross-appellant. The court ruled that the third bank, the potential intervenor, had no standing to appeal or appear as a party, because the motion to intervene had not yet been granted or denied. *Id.* at 68.

*Toronto–Dominion* is factually distinct and thus not persuasive here. First, the court's ruling is in reference to what the potential intervenor may do, or not do, in the appeal filed by the formal party. The court did not rule on whether the potential intervenor could have filed a motion in the case itself. Second, the court's ruling was influenced by the fact that the lower court had specifically reserved ruling on the motion to intervene. This is not the case here. The motion to amend filed by the former Blinder Robinson attorneys was filed before the judgment had been appealed by any of the formal parties and, while the motion to intervene had not yet been granted or denied, the court had not reserved ruling on it.

The trustee also relies on the wording of Bankruptcy Rule 8002(b) in support of his argument. The trustee contends that, given the wording of 8002(b), only "a party" may file one of the time-extending motions listed. The trustee contends that the former Blinder Robinson attorneys were not parties and consequently they could not file a time-extending motion, such as their motion to amend.

■ However, whether the former Blinder Robinson attorneys were parties or not, once they filed their motion to amend, Rule 8002(b) suspended the time for filing a notice of appeal until the motion to amend

had been granted or denied. This would include the court's denial of the motion based on a lack of standing. Thus, while resolution of the question of the former Blinder Robinson attorneys' standing is important in its own right, it is not dispositive of whether the attorneys' motion to amend tolled the period for filing a notice of appeal. *See Charles v. Daley,* 799 F.2d 343 (7th Cir.1986) (holding that attempted intervenor's Rule 59(e) motion tolled time period for filing notice of appeal). Until the decision on the attorneys' motion to amend was made and enunciated by the court, it was effective to suspend the time period for filing a notice of appeal. Since the court did not enter its decision on the motion until May 28, 1991, the right to file a notice of appeal was suspended until that time, and Intercontinental's notice of appeal was timely.

**B. Standing of the Former Blinder Robinson Attorneys to challenge the February 15, 1991 Disqualification Order.**

The trustee further contends that the former Blinder Robinson attorneys never became parties to this action, and, consequently, lack standing to challenge the Disqualification Order. The attorneys respond by asserting that they have always been parties to this action and thus have always had standing to appeal.

The trustee cites two general standing cases in support of his argument, *Wilson v. Southwest Airlines, Inc.,* 880 F.2d 807 (5th Cir.1989), and *Hispanic Society v. New York City Police Department,* 806 F.2d 1147 (2d Cir.1986), *aff'd,* 484 U.S. 301, 108 S.Ct. 586, 98 L.Ed.2d 629 (1987). These two cases stand for the proposition that only parties to an action may appeal judgments rendered in that action. In response, the former Blinder Robinson attorneys attempt to make a factual distinction between the these two cases and the present action by arguing that the present action falls within one of the exceptions to the "parties only" language of the above cases. However, in light of the Supreme Court's decision in *Richardson–Merrell, Inc. v. Koller,* 472 U.S. 424, 105 S.Ct. 2757,

86 L.Ed.2d 340 (1985), I need not decide the attorneys' status in this action to determine whether they have standing to appeal the Disqualification Order.

■ In *Richardson–Merrell*, the Court held that the decision whether to pursue an appeal of an attorney's disqualification belongs to the client. 472 U.S. at 435, 105 S.Ct. at 2763. The attorney has no independent right to appeal a disqualification order. *Id.; see also Law Offices of Seymour M. Chase, P.C. v. FCC*, 843 F.2d 517, 521 (D.C.Cir.1988). The attorneys contend, however, that their personal reputations are at issue as a result of the bankruptcy court's rulings, giving them a stake in the outcome of these proceedings. The Court acknowledged this prospect in *Richardson–Merrell*, but held that it had no relevance to the decision whether to appeal a disqualification order. *Richardson–Merrell*, 472 U.S. at 435, 105 S.Ct. at 2763. This is true whether the attorney seeks immediate interlocutory appeal or review of the final judgment reached in the underlying proceeding from which the attorney was disqualified. *Id.* Consequently, the former Blinder Robinson attorneys may not now, nor at the termination of this litigation, independently challenge the Disqualification Order for the vindication of their own personal interests, as asserted here. Only Intercontinental may do so. *Id.; Chase*, 843 F.2d at 521. The trustee is correct in asserting that the former Blinder Robinson attorneys have no standing in this appeal.

## C. Appeal as of Right.

The trustee next argues that Intercontinental and the former Blinder Robinson attorneys may not appeal the Disqualification Order because the order is not a final judgment. In the bankruptcy context, appeals as of right are limited to "final judgments, orders and decrees ... of bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a). And, "[g]enerally, an order is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Adelman v. Fourth Nat'l Bank & Trust Co., N.A.*

*(In re Durability, Inc.)*, 893 F.2d 264, 265 (10th Cir.1990). The finality requirement in the bankruptcy context applies "not in the overall case, but rather the particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition." *Id.* at 266.

■ While Intercontinental and the former Blinder Robinson attorneys have put forth plausible arguments as to the finality of the judgment, and while it is true that finality has a different definition in the bankruptcy context, the trustee is correct in his contention that the order is not final. In *Richardson–Merrell*, the Supreme Court decided that, under 28 U.S.C. § 1291, which governs appeals from the district court, an order of disqualification is not a final order subject to immediate appeal. 472 U.S. at 430, 105 S.Ct. at 2760–61 ("An order disqualifying counsel in a civil case is not a final judgment on the merits of the litigation.") I find the Court's rationale persuasive in this context, as well. *See In re Sharpe*, 98 B.R. 337, 339 (N.D.Ill.1989).

## D. Collateral Order Exception.

■ The trustee also contends that the Disqualification Order is not a collateral order otherwise reviewable. The collateral order doctrine is an exception to the final order requirement and is set forth in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). "To qualify for this limited exception, the order must conclusively determine the disputed question ..., resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Magic Circle Energy 1981–A Drilling Program v. Lindsey (In re Magic Circle Energy Corp.)*, 889 F.2d 950, 954 (10th Cir.1989).

Again, as with their argument as to the finality of the order, Intercontinental and the former Blinder Robinson attorneys have forcefully argued for the application of the collateral order exception. However, in addition to disqualification orders not being final, the Supreme Court has decided that disqualification orders are not

collateral orders subject to appeal as final judgments. *Richardson–Merrell*, 472 U.S. at 440, 105 S.Ct. at 2766 ("We hold that orders disqualifying counsel in civil cases, like orders disqualifying counsel in criminal cases and orders denying a motion to disqualify in civil cases, are not collateral orders subject to appeal as 'final judgments' within the meaning of 28 U.S.C. § 1291."). I apply that holding here.

E. Interlocutory Appeal.

■ Although the Supreme Court does not consider disqualification orders to be final, immediately appealable orders, nor does it consider them to be of a class worthy of special status under the collateral order doctrine, disqualification orders may be reviewed on an interlocutory basis. *Richardson–Merrell*, 472 U.S. at 435, 105 S.Ct. at 2763; *In re Sharpe*, 98 B.R. at 339. However, the trustee contends that the Disqualification Order is not the proper subject for interlocutory appeal. I agree.

Bankruptcy Rule 8003 permits the district court to construe an improperly filed notice of appeal as a request for leave to appeal. The request is evaluated by applying the test used to assess appeals to the circuit courts, as set forth in 28 U.S.C. § 1292(b). *In re Klein*, 70 B.R. 378, 380 (N.D.Ill.1987). As a result, leave to appeal will be granted only when the order appealed from "involves a controlling question of law as to which there is substantial ground for difference of opinion and ... an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see Whirlpool Leasing Servs., Inc. v. Nucor, Inc. (In re Nucor, Inc.)*, 116 B.R. 246, 247 (D.Colo.1990). Intercontinental and the former Blinder Robinson attorneys have the burden of showing that the order meets these requirements. *Robinson v. Silverman (In re Johns–Manville Corp.)*, 47 B.R. 957, 960 (S.D.N.Y.1985); *Richmond v. Peterson (In re Peterson)*, 12 B.R. 961, 962 (D.Colo.1981).

The trustee cites several cases in support of his argument that the Disqualification Order is not the proper subject for interloc-

utory appeal. *See In re Klein*, 70 B.R. 378 (N.D.Ill.1987); *Deutsche Credit Corp. v. Rosania (In re Nucor, Inc.)*, 118 B.R. 786 (D.Colo.1990). In *Klein*, the court found the disqualification order there was not appealable on an interlocutory basis because the issue on appeal, whether a conflict which required disqualification was actually present, involved a question of fact, not a question of law. 70 B.R. at 380. Similarly, in *Nucor*, I held that interlocutory appeal improper because no controlling question of law was involved, only a discretionary ruling that there was no conflict of interest. 118 B.R. at 788.

I have located only one post-*Richardson–Merrell* case in which leave to appeal an order disqualifying counsel has been granted. In *In re Sharpe*, 98 B.R. 337 (N.D.Ill. 1989), the court held that three factors justified granting leave to appeal:

First, this case involves the disqualification of a law firm that has represented a client for a number of years. Thus, an error on the bankruptcy court's part could do long term damage not easily remediable in a later appeal. *Cf. In re American Cable Publications, Inc.*, 768 F.2d 1194, 1195 (10th Cir.1985) (exercising mandamus jurisdiction to hear challenge to disqualification order notwithstanding *Koller* where irreparable harm could result).

Second, although the Seventh Circuit has issued a number of opinions in recent years clarifying the rules for attorney disqualification, the law in this area is still evolving. This case involves a factual scenario not addressed in those cases, and, as the bankruptcy court noted in its oral ruling, presents a close case under the Seventh Circuit's precedents. A ruling by a district court would therefore substantially contribute to the development of the law. *See Sun Studs, Inc. v. Applied Theory Associates, Inc.*, 772 F.2d 1557, 1566 (Fed.Cir.1985) (accepting discretionary appeal from disqualification order where district court certified the importance of the controlling legal issue).

Finally, Sharpe has not objected to having this court grant leave to appeal, and has thereby implicitly indicated his

acquiescence in this court's hearing the appeal. Accordingly, the court grants Lomas leave to appeal the bankruptcy court's order, and turns to the merits of the appeal.

*Id.* at 339–40.

In this case, the order appealed from is more analogous to those in the *Klein* and *Nucor* cases than in *Sharpe.* Although Intercontinental and the former Blinder Robinson attorneys have designated numerous issues on appeal, by and large they concern the bankruptcy court's factual findings to support disqualification and its discretionary ruling to permit the hearing on the motion to disqualify to go forward, despite a request for a continuance. Questions involving the bankruptcy court's findings of fact and rulings on matters in its discretion are generally not the proper subject of an interlocutory appeal. While perhaps one of the contentions on appeal can be said to involve a legal issue for which there is no clear controlling authority,[1] Intercontinental and its former counsel have identified no rational basis, under the second prong of the 1292(b) analysis, upon which I could conclude that an immediate appeal would materially advance the ultimate termination of this litigation. Accordingly, leave to appeal is denied.

**F. Mootness of Former Blinder Robinson Attorneys' Appeal of May 28, 1991 Order.**

The trustee's final contention is that the bankruptcy court's April 5, 1991 Order rendered the former Blinder Robinson attorneys' appeal of the Bankruptcy Court's May 28, 1991 order moot. In light of my holdings that the former Blinder Robinson attorneys have no standing to appeal the Disqualification Order and that Intercontinental's request for leave to appeal the order is denied, it unnecessary for me to rule on the mootness issue.

---

1. In their opening briefs, Intercontinental and the former Blinder Robinson attorneys contend that the Bankruptcy Court erred, as a matter of law, in finding that an appearance of impropriety alone, pursuant to Canon 9, is sufficient to disqualify the attorneys. While the appearance of impropriety is a question of fact, whether or

## III. *Conclusion*

Because the February 25, 1991 motion to amend, filed by the former Blinder Robinson attorneys, suspended the time for filing notices of appeal, the notices of appeal filed by both the former Blinder Robinson attorneys and by Intercontinental were timely. Nevertheless, the Disqualification Order is not a final order, nor does it qualify for the collateral order exception to the final order requirement. Finally, it is not the proper subject for interlocutory appeal. The appeal of the Disqualification Order does not involve a controlling, disputed issue of law the resolution of which will materially advance the ultimate termination of the litigation. Accordingly, the motion to dismiss is GRANTED.

not the court may disqualify an attorney on that basis alone is a question of law. And, though courts have addressed this issue frequently, disagreement exists as to the propriety of disqualifying an attorney solely on this basis of a violation of Canon 9. *See, e.g. U.S. v. Troutman,* 814 F.2d 1428, 1442 (10th Cir.1987).