### In re Thomas N. MASTROENI, Debtor.

### Bankruptcy No. 85 B 20368.

United States Bankruptcy Court, S.D. New York.

Dec. 20, 1985.

Martin Druyan, New York City, for debtor.

## DECISION ON MOTION TO DISMISS PURSUANT TO § 707(b)

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The court on its own motion issued a notice to Thomas N. Mastroeni, the above named debtor, to show cause why his petition for relief under Chapter 7 of the Bankruptcy Code should not be dismissed pursuant to 11 U.S.C. § 707(b) on the ground that the granting of relief would be a substantial abuse of the provisions of this chapter. The facts giving rise to the dismissal issue came to the attention of the court during the course of the hearing of a motion made by a creditor, the Manufacturers Hanover Trust Company, for relief from the automatic stay so that it might exercise an asserted right to set-off an amount owed to it by the debtor against several IRA accounts the debtor maintains with the bank.

## FINDINGS OF FACT

1. The debtor filed his Chapter 7 petition with this court on July 25, 1985. He is presently employed as an officer of an international oil trading company and receives an annual salary of $73,000 per year.

2. The debtor's schedules reflect that he owes $110,850 in unsecured debts. These obligations arose out of borrowings from six banks. The funds were used by the debtor to finance his stock market trading and to meet his personal needs.

3. The debtor's listed assets total $14,485.00, consisting of a 1981 Audi automobile valued at $4,500; two IRA accounts totalling $9,500; cash on hand in the sum of $10; furniture valued at $300; books valued at $50 and clothing estimated to be worth $150.

4. The debtor's financial difficulties stem from substantial speculative stock market trading that continued until 1983. In that year the debtor not only lost large amounts in stock market trading, but he also lost his former job as an officer of a corporation engaged in international oil trading transactions. The debtor was divorced from his wife in 1983 after four years of marriage. There were no children from this marriage although his former wife had a teenage daughter from her previous marriage.

5. The debtor received approximately $116,000 from his pension plan in 1983 at the time that he was dismissed from his former job. He used the funds to make a $35,000 lump sum settlement with his former wife and finance his stock market transactions.

6. For the period between 1979 and July of 1985, the debtor made interest payments to his bank creditors in an average amount of $17,000 per year, for a total of approximately $90,000. He testified that he was emotionally drained by his financial burdens with the result that he filed for relief under Chapter 7 on July 25, 1985.

7. The debtor testified that in May or June of 1985 he received a $10,000 federal income tax refund with respect to the 1983 tax year. The debtor promptly spent all of the funds before he filed his Chapter 7 petition the following July. He testified that approximately $1700 from the tax refund money was used to repair his 1981 Audi automobile. He also used the funds for personal needs, including purchases of furniture and air conditioners for his rented apartment.

8. The debtor's schedule of current income and expenditures reflects a net take-home pay of $4,000 per month. His current expenditures, which total $3980, are listed as follows:

| | |
|---|---|
| (1) Rent or home mortgage payment (include lot rental for trailer) | $1,000.00 |
| (2) Utilities (Electricity $150.00) Heat $– Water $– Telephone $100.) | 250.00 |
| (3) Food & Household Supplies | 600.00 |
| (4) Clothing | 300.00 |
| (5) Laundry and cleaning | 125.00 |
| (6) Newspapers, periodicals, and books (including school books) | 100.00 |
| (7) Medical and drug expenses & Dental | 150.00 |

(8) Insurance (not deducted from
    wages)
    (a) Auto $100.00 (b) Other
    $50.00                 150.00
(9) Transportation Train $105, Gas
    $100, Parking $150     355.00
(10) Recreation            700.00

   *    *    *    *    *    *

(16) Other (specify)
    Auto Repair & Maintenance   200.00
    Total              $3,930.00

## DISCUSSION

This case presents yet another foray into a bankruptcy court's attempt to apply the "substantial abuse" test as expressed in 11 U.S.C. § 707(b). This amendment to the Bankruptcy Code was enacted as a result of the Bankruptcy Amendments and Federal Judgeship Act of 1984 and is applicable to cases filed on or after October 8, 1984. The unusual circumstances of this case arise out of the fact that this Chapter 7 debtor's obligations exceed the maximum amounts permitted for Chapter 13 relief under 11 U.S.C. § 109(e), whereas his assets, exclusive of his postpetition salary are unattractively minimal, so that a liquidation under either Chapter 7 or Chapter 11 of the Bankruptcy Code would not be regarded by his creditors as an acceptable alternative.

A partial repayment of the debtor's consumer obligations is feasible only under a Chapter 13 plan because 11 U.S.C. § 1306(a)(2) treats postpetition earnings of a Chapter 13 debtor as property of the estate. Earnings from services performed by an individual debtor after the commencement of a case under either Chapter 7 or Chapter 11 are expressly declared in 11 U.S.C. § 541(a)(7) not to be property of the estate and are not required to be available for repayment purposes under either Chapter 7 or Chapter 11. In this case the debtor earns $73,000 a year as the treasurer of a corporation engaged in the oil trading business. He is financially capable of partially repaying his consumer creditors over a period of years. Indeed, he managed to repay approximately $90,000 over approximately five years until reaching a point where he felt that he was emotionally drained by the debt burden and he decided to seek financial relief and the potential fresh start afforded under Chapter 7 of the Bankruptcy Code.

The debtor's monthly estimated expenses in his schedule of current income and expenses are obviously inflated. His estimated monthly electricity bill of $150 for a three room apartment does not appear to be realistic. Food and household supplies of $600 per month and recreation expenses of $700 per month for one person do not appear to be in line. This point was noted as a reason for dismissal under 11 U.S.C. § 707(b) in *In re Bryant*, 47 B.R. 21 at 26, 12 B.C.D. 565 at 567 (Bankr.W.D.N.C.1984):

> In like measure, the Debtor claims expenses of $100.00 per month for dining out and for going to movies. He claims another $65.00 per month for cable television. Even if these amounts are accurate, the Court has serious questions about their appropriateness for a Debtor in Chapter 7. While Congress intended to give the debtors relief in such cases, it was not the design of the Bankruptcy laws to allow the Debtor to lead the life of Riley while his creditors suffer on his behalf.

The debtor disposed of a $10,000 income tax refund received shortly before he filed his bankruptcy petition in order to pay approximately $1700 to repair his 1981 Audi automobile and to acquire furniture for his apartment. Similarly, in *In re Grant*, 51 B.R. 385, 13 B.C.D. 303 (Bankr.N.D.Ohio 1985) the debtors listed $450 per month for entertainment expenses; $890 per month as the cost of operating a 1982 Mercedes automobile; $625 per month as the cost of food for the debtor, his wife and two children; and a $9000 loan obtained shortly before filing the Chapter 7 petition was used primarily for Christmas gifts. The debtors in that case had a joint income of $65,000 per year. The court dismissed the Chapter 7 petition pursuant to 11 U.S.C. § 707(b) and said:

> This piling up of cash advances and consumer purchases on their credit cards far

in excess of their ability to repay those debts, and their failure to propose even a reasonable family budget in either of their schedules is evidence of their bad faith. The court will not permit these overextended debtors to use this court as an "escape hatch" when in the long run they can well afford to meet their obligations to a substantial degree.

*In re Grant*, 51 B.R. at 394, 13 B.C.D. at 309. It should be noted that the debtors in the *Bryant* and the *Grant* cases, unlike the debtor in the instant case, were eligible for relief under Chapter 13 in accordance with the standards prescribed in 11 U.S.C. § 109(e).

The fact that Chapter 13 relief is available to debtors whose Chapter 7 petitions are questioned by bankruptcy courts does not mean that such debtors must forego their Chapter 7 route. Indeed, under 11 U.S.C. § 706(c) the court cannot order a conversion of a Chapter 7 case to one under Chapter 13. The consumer credit amendments contained in the 1984 Bankruptcy Amendments and Federal Judgeship Act of 1984 did not mandate that consumer debtors with prospects for substantial future income must make some effort to repay their creditors under a Chapter 13 plan. The new legislation contains ample factors that lean in the direction of Chapter 7 relief. Firstly, there is an express presumption in 11 U.S.C. § 707(b) in favor of granting the Chapter 7 relief requested by the debtor. Secondly, only the court may raise an issue as to the appropriateness of the Chapter 7 petition. Creditors and other parties in interest have no standing under 11 U.S.C. § 707(b) to seek a dismissal of a Chapter 7 petition. *In re Whitby*, 51 B.R. 184 (Bankr.E.D.Mich.1985); *In re Christian*, 51 B.R. 118 (Bankr.D.N.J.1985). Thirdly, the court may find after a hearing that an honest debtor's economic picture may not support a continuing obligation to repay partially or fully all of the prepetition creditors without jeopardizing the fresh start contemplated by the discharge available under 11 U.S.C. § 727(a). *In re Edwards*, 50 B.R. 933, 13 B.C.D. 250 (Bankr.S.D.N.Y.1985); *In re White*, 49 B.R.

869 (Bankr.W.D.N.C.1985); *In re Reynolds*, 49 B.R. 51 (Bankr.N.H.1985).

In this case, as in *In re White*, 49 B.R. 869, the debtor cannot be directed to file a repayment plan under Chapter 13 of the Bankruptcy Code because his debts exceed the statutory maximum for eligibility for relief under such Chapter. *See* 11 U.S.C. § 706(d). Theoretically, there is no statutory reason why an individual consumer debtor may not seek reorganizational relief under Chapter 11 of the Bankruptcy Code. *See In re Moog*, 774 F.2d 1073 (11th Cir. 1985), (a Bankruptcy Court has no authority to dismiss sua sponte, an individual consumer debtor's petition for Chapter 11 relief). However, Chapter 11 does not appear to be an acceptable alternative to relief under Chapter 7. An individual consumer debtor with minimal assets could not be compelled to consummate a Chapter 11 plan because the debtor's postpetition income may not be treated as property of the estate in the context of 11 U.S.C. § 541 and as such the debtor cannot be compelled to fund a Chapter 11 plan with such income. Therefore, an individual consumer's Chapter 11 plan would not much differ from a Chapter 7 liquidation. Moreover, an involuntary Chapter 11 consumer debtor would obviously have no objection to, and would welcome, a conversion to Chapter 7 pursuant to 11 U.S.C. § 1112(b) because of his delay or inability to effectuate a Chapter 11 plan.

A dismissal of a Chapter 7 consumer debtor's petition pursuant to 11 U.S.C. § 707(b), when the debtor is ineligible for Chapter 13 relief and where Chapter 11 is not a meaningful alternative, would not be consistent with the legislative intent to encourage repayment in those instances where a debtor has sufficient income to repay creditors fully or partially. Indeed, a dismissal in such circumstances would be tantamount to a denial of a discharge under 11 U.S.C. § 727, without establishing any of the statutory grounds for barring such discharge. Manifestly, the drafters of 11 U.S.C. § 707(b) failed to take into account the fact that if repayment is the

desired goal under this section there should be no limitations placed on the eligibility of debtors for relief under Chapter 13. This oversight, in addition to the omission of specific standards to be applied in determining what constitutes a substantial abuse of the provisions of Chapter 7, highlights the inherent weakness in the efficacy of the statute.

In light of the foregoing, the court concludes that the debtor's petition is not a substantial abuse of the provisions of 11 U.S.C. § 707(b) and the court's motion is withdrawn.

IT IS SO ORDERED.