**In re William C. STRATTON and Jerilyn Stratton, Debtors.**

**Bankruptcy No. 90–91422.**

United States Bankruptcy Court, C.D. Illinois.

May 13, 1991.

Richard C. Kirby, Champaign, Ill., for debtors.

Kenneth C. Meeker, U.S. trustee, Peoria, Ill.

Steven Miller, trustee, Danville, Ill.

Thomas Goodwin, Danville, Ill., for Charter Bank.

## OPINION

GERALD D. FINES, Bankruptcy Judge.

This matter having come before the Court for hearing on a Motion to Dismiss Pursuant to 11 U.S.C. § 707(b) filed by the U.S. Trustee and a Reply to Motion to Dismiss Pursuant to 11 U.S.C. § 707(b) filed by the Debtors; the Court, having heard arguments of counsel and having reviewed the record of Debtors' Chapter 7 Bankruptcy, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Bankruptcy Rules of Procedure:

### Findings of Fact

1. On November 6, 1990, the Debtors filed for relief under Chapter 7 of the Bankruptcy Code.

2. The Debtors have scheduled unsecured creditors in their Bankruptcy Petition having aggregate claims of approximately $150,318. Additionally, Debtors list $15,560 in undersecured debt.

3. The Debtors have listed secured claims which total approximately $157,631.

4. Debtors are individuals, and the majority of their debts are consumer debts.

5. The Debtors have a net monthly income of $8,000.

6. Based upon the evidence presented at hearing and arguments of counsel, the Court finds that, for purposes of determining dismissal under § 707(b), the Debtors have monthly expenses of approximately $4,627.

7. The Debtors' stated monthly net income exceeds their monthly expenses by $3,373.

8. Given Debtors' excess monthly income, it appears that they could pay 100% of their unsecured and undersecured claims in approximately 50 months; while Debtors could pay 73% of these claims in 36 months.

9. Debtors' Petition and Schedules do not show any sudden economic hardship, serious illness, unemployment, or other unforeseen calamity giving rise to their bankruptcy filing.

10. Debtors have approximately $28,000 in IRA accounts which have been claimed as exempt, but which nonetheless could be used to pay the Debtors' obligations.

### Conclusions of Law

The determination of the issue at hand is governed by 11 U.S.C. § 707(b) which states that:

> After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter, whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.

While there is no precise definition of what constitutes "substantial abuse" under § 707(b), the legislative history of that section indicates that the primary focus should be upon the Debtors' disposable income and their ability to repay a substantial portion of their debt outside of a Chapter 7 proceeding. See: S.Rep. 98–65, 98th Cong. 1st Sess., 53–54 (1983). The majority of courts which have dealt with § 707(b) questions have found that a debtor's ability to pay a significant portion of his/her debt outside of Chapter 7 without a substantial burden is the primary factor to be considered in determining whether "substantial abuse" exists in a given case. In re Kelly, 841 F.2d 908 (9th Cir.1988), and In re Johnson, 115 B.R. 159 (Bankr.S.D.Ill.1990). Considering the undisputed facts in the instant case, the Court can easily find that these Debtors have the ability to repay a sub-

stantial portion if not all of their debts within a reasonable amount of time outside of their Chapter 7 bankruptcy. The amount of debt repayment envisioned by the Court does not even take into consideration what Debtors could do with their debt on a tightened budget. Given the income of the Debtors in this case, the Court finds that there are many avenues available to Debtors to resolve their present financial difficulties, including private debt restructuring and budget adjustment.

The Debtors' main argument against dismissal under § 707(b) is their undisputed ineligibility for Chapter 13 relief. See: 11 U.S.C. § 109. The Court has reviewed the case authority cited by Debtors of In re Mastroeni, 56 B.R. 456 (Bankr. S.D.N.Y.1985) supporting the Debtors' position that dismissal under § 707(b) is improper where Debtors are ineligible for relief under Chapter 13 and Chapter 11 is meaningless. This Court does not agree with the result reached in Mastroeni as it can find nothing in the Bankruptcy Code or the legislative history to support such a decision. This Court believes that the logic used by the Mastroeni Court is flawed in that such a conclusion results in discriminatory treatment of debtors with low debt amounts versus those debtors who have high debt load. To apply the Mastroeni Court's reasoning properly, one must totally ignore the legislative history and great weight of case authority when dealing with debtors whose debt limit exceeds that required for eligibility under Chapter 13. Such an application of § 707(b) would render that section meaningless in many cases, and this Court does not perceive this to be the intention of Congress in enacting § 707(b). A better application of § 707(b) has been upheld by the Sixth Circuit Court of Appeals in In re Krohn, 886 F.2d 123 (6th Cir.1989). This Court finds that it should follow the logic of the Krohn Court in deciding the case at hand. Congress, in enacting § 707(b), meant to eliminate those debtors who were non-needy debtors under Chapter 7. The Court, in this case, finds that the Strattons are non-needy debtors and granting them relief under Chapter 7 would be a "substantial abuse" as contem-

plated by Congress in the enactment of 11 U.S.C. § 707(b). *See: In re Walton*, 866 F.2d 981 (8th Cir.1989). Even though there is no indication of bad faith or dishonesty on the part of the Debtors, the Court finds that the mere ability of Debtors to repay their debts outside of bankruptcy is sufficient to warrant dismissal under § 707(b).