**In re WILLIAMS, Bruce E. and Williams, Katherine, Debtors.**

**Bankruptcy No. 92–03552–7.**

United States Bankruptcy Court, D. Idaho.

June 10, 1993.

Laura E. Burri, Ringert, Clark, Chartered, Boise, ID, for debtors.

Gary L. McClendon, Staff Atty., Office of the U.S. Trustee, Boise, ID.

Richard D. Greenwood, Stephan, Kvanvig, Greenwood, Stone & Trainor, Twin Falls, ID, for L. Reed Williams.

Barry Zimmerman, Trustee.

### MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

The United States Trustee in this chapter 7 bankruptcy has moved to dismiss the case under section 707(b) of the Bankrupt-

cy Code. Bruce and Katherine Williams, the debtors in this case ("debtors"), contest the motion.

Section 707(b) permits a court to dismiss a chapter 7 case where: (1) the case is filed by an individual debtor; (2) the debtor's debts are primarily consumer debts; and (3) granting relief to the debtors would be a substantial abuse of the provisions of chapter 7. 11 U.S.C. § 707(b).[1] None of the parties appear to argue that the first two factors of the test are not met. Accordingly, it must be determined whether granting relief to the debtors under chapter 7 would constitute a "substantial abuse" of the provisions of that chapter.

The primary case interpreting section 707(b) in this circuit is *Zolg v. Kelly (In re Kelly)*, 841 F.2d 908 (9th Cir.1988). After reviewing the cases interpreting that section, the court noted: "[t]he rule adopted by the overwhelming majority of the courts considering the issue appears to be that a debtor's ability to pay his debts will, standing alone, justify a section 707(b) dismissal." 841 F.2d at 914. The court concluded: "[W]e hold that the debtor's ability to pay his debts when due, as determined by his ability to fund a chapter 13 plan, is the primary factor to be considered in determining whether granting relief would be a substantial abuse." *Id.* Because the debtors in *Kelly* would have been able to pay 99 percent of their unsecured debt in only three years, the court concluded that a finding of substantial abuse was justified. 841 F.2d at 915.

The U.S. Trustee does not contend there are elements of bad faith or abuse of the bankruptcy process in the filing of the debtors' petition, such as the purchase of a new automobile just prior to filing the petition. *See In re Stanley*, 91 I.B.C.R. 84, 85 (Bankr.D.Idaho 1991) (substantial abuse where debtors could propose a chapter 13 plan that would pay creditors at least in part, and a large portion of the debtors' monthly expenses were payments on an $18,000 Buick purchased a few weeks before filing bankruptcy); *In re Martin*, 87 I.B.C.R. 215 (Bankr.D.Idaho 1987) (dismissal under 707(b) appropriate where, among other things, the debtors purchased two new vehicles just prior to bankruptcy). Instead, the U.S. Trustee focuses exclusively on the debtors' ability to fund a chapter 13 plan. The U.S. Trustee challenges numerous amounts claimed by the debtors as monthly expenses. A total of approximately $1,400 per month was estimated by the U.S. Trustee to be available to fund a plan under another chapter of the Bankruptcy Code, if the Court upheld all of the U.S. Trustee's challenges to expenses.

The debtors' schedules show $223,500.00 in secured claims and $103,489.76 in unsecured claims, for a total debt of $326,989.76. The U.S. Trustee concedes these debtors do not qualify for chapter 13, because their noncontingent, liquidated, unsecured debt exceeds $100,000. *See* 11 U.S.C. § 109(e). If the availability of chapter 13 is necessary to support a dismissal under section 707(b), then this case should not be dismissed. This issue was presented in the *Martin* case, *supra*, but not decided because the Court concluded the debtors were not foreclosed from chapter 13 relief. 87 I.B.C.R. at 216.

But where chapter 13 is unavailable and relief under chapter 11 would not be a meaningful alternative, the dismissal of a chapter 7 case under section 707(b) is inappropriate. The reasons for this conclusion are succinctly stated in *In re Mastroeni*, 56 B.R. 456 (Bankr.S.D.N.Y.1985):

Chapter 11 does not appear to be an acceptable alternative to relief under Chapter 7. An individual consumer debtor with minimal assets could not be compelled to consummate a Chapter 11 plan because the debtor's postpetition income

---

**1.** Section 707 provides in its pertinent part:

(b) After notice and a hearing, the court, on its own motion or on a motion by the United States Trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.

11 U.S.C. § 707(b).

may not be treated as property of the estate in the context of 11 U.S.C. § 541 and as such the debtor cannot be compelled to fund a Chapter 11 plan with such income. Therefore, an individual consumer's Chapter 11 plan would not much differ from a Chapter 7 liquidation. Moreover, an involuntary Chapter 11 consumer debtor would obviously have no objection to, and would welcome, a conversion to Chapter 7 pursuant to 11 U.S.C. § 1112(b) because of his delay or inability to effectuate a Chapter 11 plan.

A dismissal of a Chapter 7 consumer debtor's petition pursuant to 11 U.S.C. § 707(b), when the debtor is ineligible for Chapter 13 relief and where Chapter 11 is not a meaningful alternative, would not be consistent with the legislative intent to encourage repayment in those instances where a debtor has sufficient income to repay creditors fully or partially. Indeed, a dismissal in such circumstances would be tantamount to a denial of a discharge under 11 U.S.C. § 727, without establishing any of the statutory grounds for barring such discharge.

56 B.R. at 459. *See also Green v. Staples (In re Green)*, 934 F.2d 568, 573 n. 8 (4th Cir.1991) (in dicta, noting that a debtor whose bankruptcy was dismissed under § 707(b) could liquidate his non-exempt assets in a chapter 11 just as he would have done under chapter 7). In this case, chapter 11 is not a meaningful alternative for these debtors.

A separate order will be entered denying the U.S. Trustee's motion to dismiss.